■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO CONCEPCION, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered September 21, 1989, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was accused of molesting a 14-year-old girl during a purported religious baptismal ceremony in her parents'

apartment in a darkened bedroom while she was alone with him and blindfolded. The first incident involved a fondling and kissing of her breasts, leaving her confused, nervous and frightened. Shortly thereafter defendant authoritatively directed the girl to return to the darkened room alone, closed the door and again blindfolded her. It was alleged that the molestation progressed further with defendant having increased illicit sexual contact with her breasts and vagina, and that the girl fled the room and apartment in terror. The victim sought help at the home of a girlfriend whose father, a Deputy Sheriff, contacted the victim's parents.

During the course of the investigation, defendant had complied with a request from the police to come to the police station for questioning and, after making some potentially incriminating statements, he was permitted to leave. Defendant was then charged with two counts of sexual abuse in the first degree and convicted by a jury on the first count but acquitted on the second. On appeal from the conviction, this court found that County Court had erred in failing to hold a suppression hearing. We withheld determination of the appeal and remitted the matter for a suppression hearing (169 AD2d 944). Following the hearing, County Court held that defendant had been properly advised of his rights and voluntarily waived them. The court further found defendant's statement that "I have to talk to someone else about the situation" was only a reference to his inability to remember what had happened during the "religious" ceremony when the alleged illicit sexual contact occurred and that someone would have to tell him what had taken place. The appeal is now back in this court for disposition.

Defendant now contends that he was, in effect, seeking a legal consultation which required that the police cease all questioning. County Court found that while the remark was ambiguous, there was no suggestion that defendant was seeking legal advice or the assistance of an attorney. We accord great weight to the determination of the suppression court which had the advantage of having seen and heard the witnesses (see, People v Prochilo, 41 NY2d 759; see also, People v Melendez, 160 AD2d 818). Here the record fully supports the finding that defendant did not request legal counsel and that his strained interpretation is unsupported.

We then turn to the unresolved issues raised previously on appeal. As part of the People's direct case, Alphonse Gilmore, the girlfriend's father to whom the victim described what had occurred, was permitted over specific objection to testify as to

the victim's words related to him some 15 to 20 minutes after the second incident. At the request of the People, County Court preliminarily instructed the jury that the testimony was not offered as evidence of the truth of the content, but only to show that the statements were made. The People never provided a specific reason* for offering the full content of the victim's statements, instead relying generally upon the apparent exception to the hearsay rule (see, Richardson, Evidence § 203, at 180 [Prince 10th ed]). We have to assume that the People sought to use the utterance circumstantially to evidence the state of mind of the victim.

It is well-established law that the contents of what a victim told another person about an alleged molestation is inadmissible hearsay (People v Ranum, 122 AD2d 959, 961). Witnesses may testify only that the victim made a complaint but may not testify as to what the victim told them concerning the details of the alleged incident (supra; see, Richardson, Evidence § 292, at 263-264 [Prince 10th ed]). However, under the facts of this case, while Gilmore's testimony relating what the victim said should not have been permitted, it does not constitute reversible error since similar testimony had already been elicited by defendant on his cross-examination of the victim's father and because the victim herself had testified fully about both the incidents and the conversation (see, People v Vicaretti, 54 AD2d 236, 244). Gilmore's testimony was therefore merely cumulative and the curative instructions to the jury not to accept the testimony as evidence of the truth of the contents rendered the error harmless (see, People v Crimmins, 36 NY2d 230).

Defendant next contends that County Court improperly limited his cross-examination of the victim about her past sexual experiences. We disagree. Defendant sought to attack the victim's general credibility because on redirect testimony she denied ever having been subjected to any touching incidents similar to those committed by defendant. Defendant relies upon CPL 60.42 (3) to permit refutation of her testimony. However, defendant's offer of proof failed to show a good-faith basis to suggest that the victim had any such past sexual conduct about which to inquire or that such inquiry would in any manner be relevant to the incidents in this trial. Accordingly, the inquiry was properly precluded.

---

* The People did not seek to qualify the statement as an exception to the hearsay rule such as an excited utterance or prior consistent statement, which are hearsay exceptions going to the truth of the statement.

Defendant further complains that the defense was precluded from producing testimony about specific instances when the victim may have been untruthful. An attack on a witness's general credibility must be directed to general reputation and not to specific acts and instances *(People v Pavao,* 59 NY2d 282; *People v Lyde,* 160 AD2d 817). If a defendant seeks to impeach a witness by proving a prior inconsistent statement, a proper foundation must be laid by showing the evidence to be relevant and by asking the witness whether he or she made such statements, specifying the time, place, the person to whom made and the substance of such inconsistent statements (Richardson, Evidence § 502, at 488-490 [Prince 10th ed]; *see, People v Crandall,* 48 AD2d 946). Here, because defendant failed to lay a proper foundation for his questions, County Court appropriately precluded testimony about the statement *(see, People v Bernal,* 162 AD2d 362, *lv denied* 76 NY2d 984; *People v Banks,* 151 AD2d 491, *lv denied* 74 NY2d 805).

Defendant further contends that the People failed to prove forcible compulsion, a necessary element of the crime of sexual abuse in the first degree *(see,* Penal Law § 130.65). Forcible compulsion is defined as follows: "to compel by either * * * use of physical force; or * * * a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she, or another person will immediately be kidnapped" (Penal Law § 130.00 [8] [a], [b]). Since the jury rendered a guilty verdict, the evidence must be viewed in a light most favorable to the People *(see, People v Thompson,* 72 NY2d 410, 413). If there is any valid line of reasoning and permissible inferences based on the trial evidence which could lead a rational person to the conclusion reached by the jury, then the evidence is legally sufficient *(People v Bleakley,* 69 NY2d 490, 495).

In this case, there was a marked age, weight, size and strength discrepancy between the 14-year-old victim and her middle-aged adult male attacker. Defendant was a self-styled religious leader occupying a position of authority over and trust of the victim's parents. The child was told not to discuss what occurred and instructed to enter the bedroom where she was isolated in a darkened closed-door room and further disoriented and restrained by a blindfold. A crucifix was put in one hand and a lit candle in the other and defendant chanted while music was played. In this confused, somewhat helpless and scared state, the young girl was molested. We find that the proof of these circumstances was sufficient for

the jury to have reasonably found that defendant's fondling and kissing was accomplished by physical force as well as by implied threat which placed the victim in fear of immediate physical injury *(see, People v Bermudez,* 109 AD2d 674, *appeal dismissed* 67 NY2d 758). Accordingly, the judgment must be affirmed.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.