■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY A. ALEXANDER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury trial convicting him of robbery in the first degree, two counts of assault in the second degree, and criminal possession of a weapon in the fourth degree. The charges arose from defendant's participation, with three other individuals, in an armed robbery of a bank. Defendant contends that the trial court's questioning of one of the witnesses was improper and that several comments by the trial court to defense counsel revealed bias and hostility. We disagree. "[J]udicial interference in the trial must be measured both qualitatively and quantitatively before it can be said to be excessive" (People v Yut Wai Tom, 53 NY2d 44, 55). The trial court's questioning of the defense witness was brief and elicited information already in evidence. The comments to defense counsel were not so egregious as to deprive defendant of a fair trial (see, People v De Jesus, 42 NY2d 519, 522).

Defendant also contends that there was insufficient evidence to sustain his conviction on the assault charges because there was no proof of physical injury or of his intent to cause physical injury. Defendant's contentions are without merit. Both victims were struck by a gun, experienced pain, and sought medical attention. One victim was unconscious for five minutes, while the other suffered a permanent scar on his face. Under the circumstances, there was sufficient proof of physical injury (see, Matter of Philip A., 49 NY2d 198; People v Cheeks, 161 AD2d 657; People v Hope, 128 AD2d 638, *lv denied* 69 NY2d 1005). Further, defendant was convicted of assault on a theory of accessorial liability. Defendant's intent,

therefore, may be inferred from his conduct and from the circumstances surrounding commission of the crime *(see, People v Steinberg,* 79 NY2d 673, 682). Defendant's conduct during commission of the crime supported the inference that he intended to inflict physical injury.

The prosecutor improperly asked defendant on cross-examination if he knew that selling drugs, perjury and bank robbery were against the law. That error, however, was not so egregious as to deprive defendant of a fair trial *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031).

Defendant has failed to preserve for our review his challenge to the court's charge on reasonable doubt and the submission of the verdict sheet to the jury *(see,* CPL 470.05 [2]; *People v Luis,* 145 AD2d 960, 961, *lv denied* 73 NY2d 923), and we decline to consider those issues in the interest of justice. We have reviewed the contentions raised in defendant's supplemental *pro se* brief and find that they are not preserved for review or are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Robbery, 1st Degree.) Present —Denman, P. J., Boomer, Green, Balio and Davis, JJ.