■ In the Matter of BRUCE T., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated November 19, 1990, which, upon a fact-finding order of the same court, dated September 12, 1990, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of sodomy in the first degree (two counts), attempted aggravated sexual abuse in the second degree (two counts), and sexual abuse in the first degree (six counts), adjudged him to be a juvenile delinquent, and placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated September 12, 1990. Justice Pizzuto has been substituted for former Justice Harwood *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petition, which was accompanied by the supporting deposition of the seven-year-old complainant, was sufficient on its face under the standards set forth in Family Court Act §§ 311.1 and 311.2. Any latent deficiency in the accusatory instrument would not provide a ground for mandatory dismissal under Family Court Act § 315.1 (1) (a) *(see, Matter of Edward B.,* 80 NY2d 458; *cf., Matter of David T.,* 75 NY2d 927).

Additionally, the hearing court properly found that the complainant understood the nature of the oath and could therefore testify as a sworn witness *(see, People v McDaniel,* 165 AD2d 817, 817-818). The evidence established that the twelve-year-old appellant's acts were perpetrated by the use of forcible compulsion, in view of the relative strength and size

of the parties and the isolated circumstances under which the act occurred. Further, the petition sufficiently alleged such acts *(see, People v Pace,* 145 AD2d 834, 835, citing *People v Bermudez,* 109 AD2d 674).

We decline to consider in the exercise of our interest of justice jurisdiction the issue that was first raised on appeal concerning the complainant's capacity to execute a sworn deposition in the absence of a predetermination that the complainant was competent to swear to the truth of its contents *(see, Matter of Edward B., supra).* O'Brien, J. P., Ritter, Copertino and Pizzuto, JJ., concur.