■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. GUTKAISS, Appellant. [614 NYS2d 462] —White, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 21, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (three counts).

Responding to a child abuse hotline report, State Police Investigator Thomas Aiken, on July 27, 1992, interviewed two boys who related that they were sexually abused by defendant on various occasions in 1987 and 1988. Aiken arrested defendant the next day and brought him to a State Police barracks where he gave written and oral statements admitting that the

boys' accusations were true. Defendant was subsequently indicted and, following trial, convicted of three counts of sexual abuse in the first degree and two counts of sodomy in the first degree. Defendant appeals.

The first issue we confront is whether the indictment's allegations that the crimes occurred "between Thanksgiving and Christmas of '87'", "during the Winter of '87'", "before Christmas '87'", "during the Winter of '87-'88" and "during the summer of '88" are so broad as to render the indictment invalid. As there is no evidence of either intentional prosecutorial nondisclosure or the lack of due diligence on the part of the People in ascertaining more precise time frames, and considering the nature of the crimes, the young ages of the victims and the fact that four years elapsed before the victims revealed the crimes to their parents, we conclude that the indictment was sufficient *(see, People v Morris,* 61 NY2d 290, 296; *People v Bolden,* 194 AD2d 834, *lv denied* 82 NY2d 714). We further note that the failure of the People to prove when the criminal acts took place is not significant because time is not an essential element of any of the crimes charged *(see, People v Glover,* 185 AD2d 458).

As a general rule, evidence of prior uncharged crimes committed by the accused may not be offered subject to certain exceptions *(see, People v Lewis,* 69 NY2d 321, 325; *People v Molineux,* 168 NY 264, 293). In our view, defendant's statements fall within the exceptions since they serve to establish that defendant's intent or motive for touching the victims' sexual organs was sexual gratification, a necessary element of the crime of sexual abuse in the first degree *(see, People v Guerra,* 178 AD2d 434). Additionally, because the essence of the statements was that the victims were telling the truth, they further served to make the victims' testimony more credible and worthy of belief *(see, People v Tice,* 147 AD2d 776, *lv denied* 74 NY2d 748). Therefore, since defendant's statements were relevant for a purpose other than to show his criminal disposition and as their probative value outweighed the dangers of prejudice to defendant, we conclude that County Court did not err in admitting them into evidence *(see, People v Young,* 99 AD2d 373). The fact that Aiken misread one of defendant's statements is of no moment since it was an exhibit which the jury had the opportunity to examine.

Inasmuch as determinations of relevance and remoteness are within the discretion of the trial court *(see, People v Gates,* 153 AD2d 68, *lv denied* 75 NY2d 966; *People v Ahearn,* 88

AD2d 691), we perceive no abuse of discretion by County Court in permitting the testimony of the victims' pediatrician, who did not examine the victims for signs of sexual abuse until four years after the incidents in question. His equivocal testimony was not prejudicial to defendant.

Defendant next argues that County Court improperly infringed upon his right of cross-examination when it prevented him from asking one of the victims about sexual acts perpetrated upon him by other individuals. Because defendant's line of inquiry was into collateral matters without any clear indication that these third parties committed the particular crimes charged against defendant (see, People v Pack, 189 AD2d 787, lv denied 81 NY2d 975; People v Santano, 187 AD2d 618, lv denied 81 NY2d 847; People v Zanfordino, 157 AD2d 682, lv denied 75 NY2d 971), County Court did not abuse its discretion in limiting defendant's cross examination.

Defendant claims that County Court erred when it allowed one of the victims to testify to an oral sodomy on redirect examination and thereby prove one of the crimes charged in the indictment. We disagree. In criminal trials involving a child victim, the trial court must be sensitive to the psychological and emotional stress a child witness may undergo when testifying (Executive Law § 642-a [4]). Here, the victim, while on the witness stand, had exhibited extreme emotional distress to the point that it appeared he was not going to testify. It was only when his grandfather was permitted to sit behind him that he was willing to proceed and even then it was difficult for the prosecutor to elicit testimony from him. Under these circumstances, and in view of Executive Law § 642-a (4), County Court was fully justified in allowing the challenged testimony.

In defendant's view a violation of his constitutional rights occurred when County Court denied him access to the victims' school, counseling and medical records and the medical records pertaining to the suicide of the victims' father. Inasmuch as defendant sought these records merely in the hope of discovering material to impeach the victims' credibility, County Court acted properly in denying defendant access (see, People v Chatman, 186 AD2d 1004, lv denied 81 NY2d 761; People v Chang Gee Kim, 144 AD2d 572, lv denied 73 NY2d 975; People v Tissois, 131 AD2d 612, affd 72 NY2d 75). We note that defendant was not prejudiced by the denial since County Court conducted an in camera review and determined that there was no Brady or Rosario material contained in these records.

During the trial, the People turned over to defendant a letter from a doctor indicating that the eldest victim suffered from hallucinations as the result of being sodomized. Despite defendant's pretrial *Brady* request for "all information, evidence, memorandum, notes * * * favorable to the defendant", a reversal is not mandated. Assuming that this letter is *Brady* material, because defendant did not make a specific request reversal is not mandated in light of defendant's failure to establish that, had the letter been disclosed, there is a reasonable probability that the result of the trial would have been different *(see, People v Vilardi,* 76 NY2d 67, 73-76; *People v Lent,* 204 AD2d 855). We note that at trial defendant apparently did not consider the exculpatory value of the letter significant since he only requested a short delay to review it and did not use the letter to cross-examine the victim or his physician.

Defendant next contends that County Court's charge was deficient in three respects. First, because he failed to object, defendant's arguments regarding County Court's instructions on reasonable doubt have not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Alexander,* 190 AD2d 1052, *lv denied* 81 NY2d 967). Moreover, because the charge as a whole conveyed the proper standard, we shall not reverse in the interest of justice *(see, People v Fearon,* 182 AD2d 698, *lv granted* 79 NY2d 1048). Defendant's second contention is that County Court should have charged that the victims' delay in disclosing the offenses should have been considered by the jury in assessing their credibility. We disagree for it would be incongruous to give defendant the benefit of this charge when the victims' delay was directly attributable to defendant's threats to harm their family if they revealed the subject incidents *(see, People v Bessette,* 169 AD2d 876, *lv denied* 77 NY2d 992). In any event, County Court did allow defendant to address this matter in his closing statement and provided the jury with comprehensive instructions on the credibility of witnesses. Last, there was no necessity for County Court to accede to defendant's request for a missing witness charge in light of defendant's failure to establish that the uncalled witness would have testified favorably for the People *(see, People v Heredia,* 196 AD2d 885, *lv denied* 82 NY2d 896).

The jury found defendant guilty of, *inter alia,* the crime of sodomy in the first degree as alleged in the seventeenth count of the indictment. The victim's testimony in support of this charge was that defendant stuck his (defendant's) penis "in my butt". Defendant contends that this proof is insufficient

since it does not show that the victim's anus was touched. We reject this argument since, viewing the evidence in a light most favorable to the People, we find there is a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion that penis to anus contact occurred (see, People v Bleakley, 69 NY2d 490, 495; People v Culver, 192 AD2d 10, lv denied 82 NY2d 716).

Turning to the sentence imposed by County Court, we find that its denial of youthful offender status to defendant was appropriate since defendant's participation in the crime was not minor and the record as well as the presentence report fail to indicate any mitigating circumstances (see, CPL 720.10 [3] [i], [ii]). Considering the abhorrent crimes defendant perpetrated on these defenseless young victims, his lack of remorse and the absence of any mitigating factors, the imposition of the severest sentences possible was not harsh or excessive.*

For these reasons, the judgment is affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.

---

* Pursuant to Penal Law § 70.30 (1) (c) (iii), the Department of Correctional Services will reduce the aggregate maximum term to 50 years (see, People v Smith, 179 AD2d 903).