■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH M. DEYO, Appellant. [635 NYS2d 100] —Spain, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered December 19, 1994, upon a verdict convicting defendant of the crimes of sodomy in the second degree, rape in the second degree (three counts), rape in the third degree, sexual abuse in the second degree and endangering the welfare of a child.

Defendant, a man in his 50s, admitted at trial that he engaged in numerous sexual acts over an 11-month period with a 13-year-old foster child that he occasionally supervised. County Court sentenced defendant to four consecutive prison sentences of $2^1/_3$ to 7 years on the sodomy and rape in the second degree convictions, a consecutive sentence of $1^1/_3$ to 4 years for the rape in the third degree conviction and two concurrent one-year terms for the remaining counts. This appeal followed.

We reject defendant's principal contention that his sentence was harsh and excessive. At the outset, the aggregate of these sentences exceeds the statutory limitation imposed by Penal Law § 70.30 (1) (c) (i); however, this does not render the sentence illegal per se since the appropriate sentence will be calculated by the Department of Correctional Services (*see, People v Moore*, 61 NY2d 575, 578; *People v Ramos*, 208 AD2d 1052, 1053-1054, *lv denied* 85 NY2d 913). Although it is true that County Court imposed the harshest permissible sentence, it is also clear from the record that the court did so only after a thorough examination of all the relevant concerns including the lack of mitigating factors to justify defendant's exploitive and heinous conduct against a child whose trust he had gained.

Our review of the record reveals no reason to disturb the sentence imposed by County Court (*see, People v Fuller*, 185 AD2d 446, 449-450, *lv denied* 80 NY2d 974, *lv denied upon reconsideration* 81 NY2d 788; *People v Rossi*, 185 AD2d 401, 403, *lv denied* 80 NY2d 909).

We are also unpersuaded by defendant's claim that County Court imposed sentence without considering a proper presentence report made in compliance with CPL 390.30. While it is true that defendant was not interviewed by the probation officer, the record shows that this is because defendant declined to do so after being given an opportunity to discuss the case. Moreover, while the victim was not available to be interviewed for the report, the victim in fact appeared at defendant's sentencing and read a prepared statement. The record reveals that defendant submitted numerous supportive letters and documents to the court; however, we find that County Court, having presided at trial and having heard all the evidence, was in possession of all facts necessary to render an appropriate sentence.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.