■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BEECHER, Appellant. [639 NYS2d 863] —White, J.

The proof adduced at trial shows that sometime before June 10, 1993 defendant, then 71 years of age, befriended the victim, a legally blind 13-year-old child. On June 10, 1993, the victim's mother allowed him to go with defendant to the McDonald's restaurant in the Village of Fort Edward, Washington County. During the drive home, the victim dozed off and fell asleep. When he awoke, he discovered defendant's hand on his pants in the area of his genitalia. The victim pushed defendant's hand away. Despite having been rebuffed, sometime later in the trip defendant placed his hand on the victim's thigh and commenced moving it toward the victim's genitalia. Again, the victim repulsed the attack by pushing defendant's hand away and saying, "No." Before arriving at the victim's home, defendant asked him some sexually explicit questions and requested

that he not tell anyone about what had occurred. When he arrived home, the victim disregarded defendant's request, immediately telling his parents what had happened. They, in turn, contacted the police who recorded a phone conversation the victim's father had with defendant wherein defendant admitted that he had touched the victim. Following his arrest, defendant provided the police with an inculpatory written statement.

At the close of the People's case, defendant made an offer of proof regarding his physical condition and impending heart bypass surgery. After an extended colloquy in which defendant's attorney did not articulate a clear purpose for the admission of such testimony, County Court limited the testimony to the effect defendant's tremor and medication would have had upon him. In light of this ruling, defendant elected not to present medical testimony and now argues that County Court erred in restricting his proof.

We disagree. In the absence of a notice under CPL 250.10, defendant was precluded from introducing evidence of his state of mind or diminished capacity (*see, People v Cruickshank*, 105 AD2d 325, 329, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625). Moreover, given defendant's failure to establish a nexus between his physical condition and the charges against him, County Court did not abuse its discretion in precluding the proffered medical testimony as being irrelevant (*see, Radosh v Shipstad*, 20 NY2d 504, 508).

We turn next to defendant's contention that County Court should have granted his motion for a trial order of dismissal (CPL 290.10 [1]). In evaluating this motion, the evidence must be viewed in the light most favorable to the People with the review limited solely to the legal sufficiency of the evidence as defined in CPL 70.10 (1) (*see, People v Singh*, 191 AD2d 731, *lv denied* 81 NY2d 1020).

To establish the crime of sexual abuse in the first degree under Penal Law § 130.65 (1), the proof must show that the defendant subjected the victim to sexual contact by forcible compulsion. Defendant maintains that the People's proof was deficient in that it did not establish sexual contact or forcible compulsion.

" 'Sexual contact' " is defined as "any touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Because the question of whether a person was seeking sexual gratification is generally a subjective inquiry, it can be inferred from the conduct of the perpetrator (*see, Matter of*

*Olivia YY.*, 209 AD2d 892). In this case it can be inferred that defendant was seeking sexual gratification from his act of placing his hand on the victim's thigh and genitalia, the sexually explicit questions he posed, his request not to tell anyone and his acknowledgement that he knew that what he did was wrong. Thus, we find that the element of sexual contact was established by legally sufficient evidence (*see, People v Gray*, 201 AD2d 961, 962, *lv denied* 83 NY2d 1003).

We reach a similar conclusion regarding the element of forcible compulsion which, as pertinent here, means to compel by use of physical force (Penal Law § 130.00 [8] [a]). In our view, the evidence that defendant placed his hand on the victim's thigh and genitalia despite the victim's protestations and physical resistance, coupled with defendant's dominance over the victim by reason of his age, status as a trusted friend, the victim's physical disability and isolation from familiar surroundings, provide legally sufficient evidence establishing this element of the crime (*see, People v Dehler*, 216 AD2d 643, 644, *lv denied* 86 NY2d 734; *Matter of Bruce T.*, 190 AD2d 805, 805-806; *People v Concepcion*, 175 AD2d 324, 327, *lv denied* 78 NY2d 1010).

We further find that the victim's testimony that he was asleep when the first sexual contact took place established his physical helplessness, an element of the crime of sexual abuse in the first degree under Penal Law § 130.65 (2) (*see, People v Irving*, 151 AD2d 605, 605-606). Thus, for the foregoing reasons, we find that County Court did not err in not granting defendant's motion.

Defendant's complaints regarding County Court's instructions to the jury do not require discussion except to note that the crime of sexual abuse in the second degree under Penal Law § 130.60 (2) is not a lesser included crime of sexual abuse in the first degree under either Penal Law § 130.65 (1) or (2) (*see, People v Hughes*, 220 AD2d 529, 530).

Citing CPL 390.30 (2), defendant contends that County Court should have adjourned the sentencing proceedings so that he could provide it with updated medical reports. Inasmuch as County Court possessed all of the facts necessary to render an appropriate sentence, as it was fully aware of defendant's medical condition and had been advised by prison authorities that they could provide the necessary health care to defendant, County Court properly denied the request for an adjournment (*see, People v Deyo*, 222 AD2d 757, 758).

Turning to the sentence, defendant's claim that County Court is bound by its indication that it would impose a sentence

of $1^1/_3$ to 4 years is meritless since the alleged promise was never entered on the record (*see, People v Martin*, 215 AD2d 942). We further reject defendant's claim that the sentence of consecutive terms of imprisonment of $2^1/_3$ to 7 years on the two convictions for sexual abuse in the first degree was improper since the evidence shows that there were two separate incidents of sexual abuse (*see, People v Morin*, 192 AD2d 791, 793, *lv denied* 81 NY2d 1077). Finally, given the circumstances of this case, together with the information in the presentence report that there are "obvious indicators that the defendant has pedophilic interests", we do not view the sentence as harsh or excessive.

For these reasons, we affirm.

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.