■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MILLER, Appellant. [640 NYS2d 904] —Cardona, P. J. Ap-

peal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 19, 1994, upon a verdict convicting defendant of four counts of the crime of sexual abuse in the first degree.

Following a jury trial in November 1994, defendant was convicted of four counts of sexual abuse in the first degree committed on July 28, 1989, when he subjected his two seven-year-old nieces to sexual contact (1) by forcible compulsion and (2) at a time when they were less than 11 years of age. The proof showed that the crimes were committed at defendant's home in the Village of Canton, St. Lawrence County. Defendant's motion to set aside the verdict was denied. He was sentenced to concurrent definite sentences of one year for the two counts relating to each victim, to run consecutively to each other, making his total sentence two years in County Jail. Defendant appeals.

Initially, defendant contends that the period "on or about the 29th day of July, 1989", specified in the indictment as the time when the alleged crimes occurred, was not sufficiently specific to permit him to prepare a defense to meet the People's trial evidence that the crimes occurred on July 28, 1989. Defendant therefore claims that he was deprived of his constitutional right to "be informed of the nature and cause of the accusation" (US Const 6th Amend; NY Const, art I, § 6; *see, People v Morris*, 61 NY2d 290, 294-295). We disagree. Here, time is not an element of the crime charged (*see, People v Glover*, 185 AD2d 458). Given "the nature of the crime[ ], the young ages of the victims and the fact that [up to three] years elapsed before the victims revealed the crimes" (*People v Gutkaiss*, 206 AD2d 584, 585, *lv denied* 84 NY2d 936), the one-day discrepancy was reasonably specific to provide defendant with adequate notice of the time when the crimes were alleged to have been committed so as to enable him to prepare a defense (*see, People v Watt*, 81 NY2d 772, 774). Furthermore, our review of the record does not reveal "either intentional prosecutorial nondisclosure or the lack of due diligence on the part of the People in ascertaining [a] more precise [date]" (*People v Gutkaiss, supra*, at 585). We also note that defendant learned of the one-day discrepancy two days prior to the start of the trial, presented an alibi witness for July 28, 1989 and never sought an adjournment to further investigate the possibility of presenting additional alibi witnesses.

Defendant next argues that County Court abused its discretion in denying his motion pursuant to CPL 330.30 (3) to vacate his conviction on the basis of newly discovered evidence. The

trial proof showed that defendant reported for work each day to a building located within sight of his home as an employee of the Village Department of Public Works. His residence was located next to the playground where the victims played and approximately 1¹/₂ blocks from one of the victims' homes. At trial, defendant called the Clerk-Treasurer for the Village, who testified that a weekly time sheet indicated that defendant had worked a total of 11 hours on July 28, 1989. Defendant's "newly discovered evidence" consists of a daily work record for July 28, 1989, maintained by the Village Superintendent of Public Works, which indicates that his work assignment on that date was located at a water service project away from the building where he usually worked.

Initially, it is noted that defendant failed to demonstrate by a preponderance of the evidence that this evidence could not have been discovered before trial by the exercise of due diligence (*see, People v Johnson*, 208 AD2d 562, 563, *lv denied* 84 NY2d 937). In addition, defendant has also failed to prove that evidence of his exact work assignment on July 28, 1989 would likely change the result if a new trial were granted (*see*, CPL 330.30 [3]; *People v Bryce*, 210 AD2d 816, 817, *lv granted* 86 NY2d 732; *People v Donato*, 202 AD2d 1010, 1011, *lv denied* 83 NY2d 871). One of the victims' mothers testified that she telephoned defendant at his home at approximately 11:55 A.M. on the day in question and asked him to call over to the victims at the playground and tell them to come home for lunch. One of the victims testified that at the time of the sexual abuse, defendant was dressed in his work clothes. In light of such testimony, and the People's argument that, given the size of the Village, defendant could have gone home during his employment to commit the crimes, we do not find it probable that a more favorable result would occur with the added proof of defendant's exact work assignment.

Defendant further contends that the evidence was legally insufficient to support the jury's verdict. Following a guilty verdict, we must view the evidence in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413; *People v Concepcion*, 175 AD2d 324, 327, *lv denied* 78 NY2d 1010). The trial evidence is deemed legally sufficient if there is any valid line of reasoning together with permissible inferences which could lead a rational person to the conclusion reached by the jury (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant argues that there was insufficient evidence that he subjected either victim to sexual contact by forcible compulsion (*see*, Penal Law § 130.65 [1]). We disagree. The definition of forcible

compulsion is "to compel by either * * * use of physical force; or * * * a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped" (Penal Law § 130.00 [8] [a], [b]; *see, People v Concepcion, supra*, at 327). We also note that corroboration is not required to establish the crime of sexual abuse when predicated upon allegations of forcible compulsion (*see, People v Vasquez*, 193 AD2d 638, *lv denied* 82 NY2d 728; *see also*, Penal Law § 130.16).

One of the victims testified that during defendant's sexual contact with her, defendant told her to be quiet or he would kill her. That was an express threat which, given the victim's young age and isolation at defendant's home, the jury could have reasonably found placed her "in fear of immediate death or physical injury" (Penal Law § 130.00 [8] [b]). The second victim testified that while defendant was subjecting her to sexual contact, her arms were behind her and defendant's legs were on top of her. She also stated that, at such time, she told defendant that it hurt but that defendant told her if she told anyone she would get in trouble. Again, given the victim's age, her isolation at defendant's home, and the size and strength discrepancy between the victim and defendant, the jury could have reasonably found that defendant accomplished the sexual contact by physical force through pinning the child down and an implied threat which placed the child victim in fear of immediate physical injury (*see, e.g., People v Dehler*, 216 AD2d 643, 644, *lv denied* 86 NY2d 734; *People v Roman*, 179 AD2d 352, 353, *lv denied* 79 NY2d 952; *People v Concepcion, supra*, at 327-328). We find that the evidence was legally sufficient to establish beyond a reasonable doubt that defendant subjected both child victims to sexual contact by forcible compulsion.

We also find that legally sufficient evidence supported defendant's convictions for sexual abuse in the first degree predicated upon the age of the victims (*see*, Penal Law § 130.65 [3]; *People v Bolden*, 194 AD2d 834, 835, *lv denied* 82 NY2d 714; *People v Bessette*, 169 AD2d 876, 877, *lv denied* 77 NY2d 992). The People presented evidence of birth dates which established that each victim was seven years old on July 28, 1989. In addition, exercising our factual review power (*see*, CPL 470.15 [5]; *People v Bleakley, supra*), based upon this record we find no merit to defendant's claim that the verdict was against the weight of the evidence.

We reject, as lacking in merit, defendant's argument that he was deprived of the effective assistance of counsel. Even

considering defense counsel's failure to file the notice of alibi until five days before trial and his failure to discover evidence of defendant's specific whereabouts on July 28, 1989, "the evidence, the law, and the circumstances [in this] case, viewed in totality and as of the time of the representation, reveal that [he] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see, People v Flores*, 84 NY2d 184, 187; *People v Rivera*, 71 NY2d 705, 708; *People v Satterfield*, 66 NY2d 796, 798-799). Defense counsel delivered cogent opening and closing statements, made appropriate objections, vigorously cross-examined the People's witnesses, presented a plausible defense and submitted specific, pertinent requests to charge (*see, e.g., People v Parker*, 220 AD2d 815, 816-817; *People v Linderberry*, 215 AD2d 867, 870, *lv denied* 86 NY2d 844; *People v Beaudoin*, 198 AD2d 610, 612, *lv denied* 82 NY2d 922; *People v Garcia*, 194 AD2d 1011, 1013, *lv denied* 82 NY2d 895). We therefore conclude that defendant's constitutional right to the effective assistance of counsel was satisfied.

We find no merit in defendant's claim that the sentence was harsh and excessive. Given the nature of the crimes, the age of the victims and defendant's exploitation of their trust in him, we have no reason to disturb the sentence imposed by County Court (*see, e.g., People v Withers*, 222 AD2d 903; *People v Deyo*, 222 AD2d 757, 757-758).

We have considered defendant's remaining contentions and find them to be lacking in merit.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.