■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON CARTER, Appellant. [641 NYS2d 908] —Cardona, P. J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered February 25, 1994, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and reckless endangerment in the first degree.

During the early morning hours of August 23, 1992, gunfire erupted at a bar in the City of Albany. Two patrons, George Proctor and Christopher Wright, were shot. Proctor (hereinafter decedent) died as a result of his wounds. Wright survived.

---

Defendant was indicted and tried before a jury on two counts of murder in the second degree for decedent's death, two counts of attempted murder in the second degree and two counts of reckless endangerment in the first degree for shooting Wright, and for shooting at Richard Gilliam. The trial testimony revealed that defendant had three separate altercations with Gilliam in the months prior to the shooting, the last ending in a threat by defendant to the effect that he was going to shoot Gilliam. Upon encountering defendant at the bar, Gilliam went up to him and punched him in the face, knocking him to the floor. Gilliam and Cornell Proctor, decedent's brother, testified that defendant produced a gun from his pants and started shooting into the crowded bar. Wright testified that he did not know who fired the first shot which struck him but was absolutely sure it was defendant who fired the second which struck him in the back as he attempted to crawl away on his stomach. He stated that immediately prior to hearing the second shot, he looked over his right shoulder and saw defendant standing over him with a revolver pointed at his head.

County Court dismissed the charges pertaining to Gilliam at the close of the People's case. Defendant was acquitted of the murder of decedent but found guilty of attempted murder in the second degree and reckless endangerment in the first degree with regard to Wright. He was sentenced to consecutive prison terms of $8^1/_3$ to 25 years and $2^1/_3$ to 7 years, respectively. Defendant appeals.

Defendant argues that County Court erred by excluding the proffered testimony of Monisha Tillman. She would have testified that some months after the shooting, Wright confided in her that he did not know who shot him. Defendant contends that Tillman's testimony should have been admitted as a prior inconsistent statement for impeachment purposes to discredit Wright's identification testimony.

It is well settled that before a witness can be impeached with a prior inconsistent statement, a proper foundation must be laid which requires asking the witness whether he or she made the statement, specifying the time, place and person to whom the statement was made, and the language or substance of the language used (see, *People v Concepcion*, 175 AD2d 324, 327, *lv denied* 78 NY2d 1010; Prince, Richardson on Evidence § 6-411, at 405 [Farrell 11th ed]). The purpose of the rule is to give the witness timely warning that a certain statement alleged to have been made by him or her may be subject to impeachment and to afford the witness an opportunity to explain any apparent inconsistency between his or her trial

testimony and the previous statement (*see, People v Duncan,* 46 NY2d 74, 80, *cert denied* 442 US 910). If the witness denies that the statement was made or does not remember making it, he or she may be impeached by the testimony of others who heard the statement (*see,* Prince, Richardson on Evidence § 6-411, at 406 [Farrell 11th ed]).

On cross-examination, Wright was asked whether he recalled an occasion when Tamiesha Himes and two of her girlfriends had visited him in the fall of 1992 at his apartment at 230 Myrtle Avenue in Albany. Wright acknowledged that Himes and her two girlfriends visited him. Wright was asked whether he told Himes and her friends about the shooting. He denied doing so. He was then asked whether he told them that he did not know who shot him and that he did not think it was defendant. Wright denied making such statements and stated that he always knew who shot him. By referring only to the season of the year and by failing to identify Tillman, we find that defense counsel's questioning was insufficient to lay a proper foundation for the introduction of Tillman's testimony. Accordingly, we conclude that her testimony was properly excluded (*see, People v Duncan, supra; People v Concepcion, supra*).

Defendant further argues that certain comments made by the prosecutor during her summation deprived him of a fair trial. However, this argument has not been preserved for appellate review inasmuch as defendant failed to object to the majority of the allegedly improper comments, or failed to request curative instructions, or failed to move for a mistrial (*see, People v Esposito,* 225 AD2d 928, 931-932; *People v Gillis,* 220 AD2d 802, 804; *see also, People v Medina,* 53 NY2d 951). In any event, although some of the prosecutor's comments, particularly those impugning defense counsel's tactics as "obscur[ing] the truth" or "creat[ing] an illusion" or her reference to defense counsel's attempt to present racial stereotypes to appeal to the jury's prejudices were clearly unwarranted, they were not so egregious, when viewed in the context of the entire summation (*see, People v Parker,* 220 AD2d 815, 816), as to warrant a new trial.

We find no merit to defendant's argument that County Court erred in imposing consecutive sentences. The proof clearly showed that Wright was hit by two gunshots fired in separate and distinct acts; the first committed with recklessness, the second with homicidal intent. Under these circumstances, reckless endangerment in the first degree (*see,* Penal Law § 120.25) is not a material element of the crime of attempted murder in the second degree (*see,* Penal Law § 125.25 [1]). Accordingly,

consecutive sentences were authorized (*see*, Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640; *People v Day*, 73 NY2d 208; *People v Campos*, 206 AD2d 633).

We have considered defendant's remaining contentions and find that they lack merit.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.