(July 23, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER L. BAILEY, Appellant. [675 NYS2d 706] —Cardona, P. J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered July 2, 1997, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

In December 1996, defendant resided with his fiancé (hereinafter the mother) and her three children in the Town of Lansing, Tompkins County. On December 10, 1996, the mother's 12-year-old daughter (hereinafter the victim) was ill and stayed home from school. Defendant, who was employed as a police officer for the City of Ithaca, stayed home with her while the mother went to work. The following day, when the victim returned to school, she was teased about bruises on her neck causing her to become hysterical and reveal that defendant had abused her. The mother was called to the school and, thereafter, brought the victim to the hospital. While at the hospital, the victim disclosed, *inter alia*, that defendant had put his penis between her legs. Although the victim would not consent to a full pelvic examination, a visual examination revealed that her genitalia was swollen and bruised. She also had bruises on her neck.

Defendant was charged with various sex-related crimes. Following a jury trial, he was found guilty of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child. He was sentenced concurrently to a prison term of 1½ to 3 years for sexual abuse in the first degree and determinate one-year prison terms for the remaining crimes. Defendant appeals.

Initially, defendant challenges the admissibility of a statement given by the victim during her treatment at the hospital. The statement, which is contained in the hospital record and was redacted to delete reference to defendant, provides "[t]he patient states that yesterday [a person] kissed and sucked on her neck and placed his penis between her legs". County Court ruled that this statement was admissible under the business records exception to the hearsay rule (*see,* CPLR 4518 [a]). In order for a statement contained in a hospital record to be admissible under this exception, it must be germane to the medical diagnosis or treatment of the patient (*see, Williams v Alexander,* 309 NY 283, 287; *People v Townsley,* 240 AD2d 955, 957, *lv denied* 90 NY2d 943). Notably, statements regarding the manner in which an injury is inflicted have been held to

come within the exception (*see, e.g., People v Goode*, 179 AD2d 676, *lv denied* 79 NY2d 1001 [statement that the complainant was hit with a fist clenching a metal object held admissible]; *People v Singleton*, 140 AD2d 388 [statement that the complainant was hit in the face held admissible]; *People v Davis*, 95 AD2d 837 [statement that the complainant sustained a gunshot wound to the chest and upper left arm held admissible]).

In the instant case, the victim's statement was directly relevant to the manner in which she had been injured and prompted the doctor to undertake further examination. Although the victim would not permit a pelvic examination with the use of a colposcope, the doctor did conduct an external examination of the victim's genitalia which revealed significant swelling and bruising as well as heightened sensitivity consistent with attempted penile penetration. Under the particular circumstances presented here, we find that the victim's statement was germane to her subsequent medical treatment and diagnosis. Therefore, County Court did not err in admitting the statement.

Defendant further contends that the evidence was legally insufficient to sustain his conviction of the crimes of sexual abuse in the first degree and endangering the welfare of a child. In determining whether a jury's verdict is supported by legally sufficient evidence, the evidence must be viewed in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621) to consider "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495).

With respect to the crime of sexual abuse in the first degree, defendant argues that given the lack of proof of the use of physical force, there is insufficient proof of forcible compulsion. Forcible compulsion exists when, from the victim's viewpoint, the acts of the defendant place the victim " 'in fear of immediate death or physical injury to himself, herself or another person' " (*People v Miller*, 226 AD2d 833, 836, *lv denied* 88 NY2d 939, quoting Penal Law § 130.00 [8] [b]; *see, People v Thompson*, 72 NY2d 410, 415-416). In this case, the victim stated that defendant "placed his penis between her legs", the medical evidence disclosed bruising of the victim's genitalia and there was a large disparity in size and age between the victim and defendant. In addition, defendant maintained a close relationship with the victim's mother and was an authority figure within the household. In view of this, as well as the

testimony establishing the victim's perception of defendant's authority, individually and as a police officer, and that she was afraid of him, we find that the jury could reasonably infer that the sexual contact was perpetrated by forcible compulsion (*see, People v Archer*, 232 AD2d 820, *lv denied* 90 NY2d 938; *People v Miller, supra; People v Beecher*, 225 AD2d 943). Therefore, we find that defendant's conviction of sexual abuse in the first degree is supported by legally sufficient evidence.

With respect to the crime of endangering the welfare of a child, there is proof in the record of sexual contact between defendant and the victim. This is legally sufficient proof to sustain this charge (*see, People v Morgan*, 246 AD2d 686, 687-688, *lv denied* 91 NY2d 975; *People v McGuinness*, 245 AD2d 701, 702; *People v Morey*, 224 AD2d 730, 732, *lv denied* 87 NY2d 1022). In view of our disposition, we need not address defendant's remaining contention.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.