■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT R. NAILOR, Appellant. [701 NYS2d 476] —Carpinello, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), rendered January 6, 1999 in Warren County, upon a verdict convicting defendant of the crimes of sodomy in the first degree (three counts), sodomy in the second degree (three counts) and sexual abuse in the second degree (two counts).

Indicted on 12 sex-related offenses, defendant was convicted following a jury trial on three counts each of sodomy in the first and second degrees and two counts of sexual abuse in the

second degree. The sodomy convictions stem from allegations that he engaged in deviate sexual intercourse by forcible compulsion with his then 12-year-old stepdaughter in that he forced her to perform oral sex on him on three separate occasions during the spring of 1995. The sexual abuse convictions stem from allegations that he also had inappropriate sexual contact with her. The victim did not reveal these incidents to anyone until February 1998, when she began hallucinating about defendant's threatening conduct and ultimately suffered a nervous breakdown. On the sodomy in the first degree convictions, defendant was sentenced to consecutive prison terms of 8⅓ to 25 years. On the sodomy in the second degree and sexual abuse convictions, he was sentenced to 2 to 6 years in prison and one year in jail, respectively, each to run concurrently with each other and the sodomy in the first degree sentences. Defendant appeals.

Defendant initially claims that the first three counts of the indictment are multiplicitous. Fundamentally, an indictment is multiplicitous when "two separate counts * * * charge the same crime" (*People v Kindlon*, 217 AD2d 793, 795, *lv denied* 86 NY2d 844). We note first that this argument is unpreserved for our review since defendant failed to recite this alleged defect in the stipulation in lieu of motions (*see, People v Halpin*, 261 AD2d 647, *lv denied* 93 NY2d 971; *People v Tice*, 147 AD2d 776, 778, *lv denied* 74 NY2d 748). In any event, there is no multiplicity since, although the first three counts of the indictment charge the same crime—sodomy in the first degree—they each relate to conduct on three separate and distinct occasions, albeit during the same time period, namely, the spring of 1995. Thus, the second and third counts each required proof of an additional fact (i.e., a second and third incident of forced deviate sexual intercourse between defendant and the victim), vitiating the claimed multiplicity (*see, People v Kindlon, supra*, at 795).[1]

We next turn to defendant's contention that the element of forcible compulsion was not established with respect to counts two and three.[2] At trial, the victim testified that on three separate evenings when her mother was out caring for defendant's terminally ill stepfather, defendant touched her inappropriately

---

1. Even if defendant's claim of multiplicitous counts had merit, the proper remedy would not be dismissal of all three counts but counts two and three only (*see, People v Demetsenare*, 243 AD2d 777, 779, *lv denied* 91 NY2d 833; *People v Morey*, 224 AD2d 730, 731, *lv denied* 87 NY2d 1022).

2. Although defendant attacks the verdict with respect to these counts as being against the weight of the evidence, it appears that he is actually challenging the legal sufficiency of the evidence. Thus, our discussion will ad-

and forced her to perform oral sex on him. On the first occasion, defendant threatened to harm her mother, with whom he had a tumultuous relationship, if she did not accede to his requests. This express threat, the victim testified, remained "burned into [her] memory" during the next two incidents. Significantly, in response to a question on cross-examination regarding whether defendant "ever [had] to repeat that [threat]" on the subsequent occasions, the victim answered, "He only had to tell me once". The victim further detailed that defendant used physical force to ensure her performance of the charged acts. According to her, on each occasion, defendant grabbed her hand and took her into a bedroom in their house, pushed her head down onto him and, when finished, directed her to go to bed.

In addition to the victim's testimony, the jury heard testimony regarding defendant's oral and written statements to police. In these statements, defendant admitted that he had sexual contact with the victim when she was 11 or 12 years old, but claimed that she was the "aggressor". According to the police investigator who took defendant's statements, defendant also linked the incidents to the time of his stepfather's illness. Defendant took the stand in his own defense, denied the victim's accusations and claimed that his statements to police were the result of undue pressure on their part, contentions the jury obviously rejected.

Viewing the evidence in the light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413) and considering "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]), we are satisfied that the element of forcible compulsion was satisfied. As relevant here, " '[f]orcible compulsion' means to compel by either * * * use of physical force; or * * * a threat, express or implied, which places a person in fear of * * * physical injury to himself, herself or another person" (Penal Law § 130.00 [8] [a], [b]). Given the victim's age and testimony about the lasting effects his threats had on her, it is readily inferable that, when defendant sodomized the victim for the second and third time, she continued to believe his previous threat to harm her mother if she did not comply. In any event, given the evi-

dress whether the verdict on counts two and three was legally insufficient and/or against weight of the evidence.

dence that defendant grabbed the victim's hand to get her into the bedroom and forced her head onto him, coupled with defendant's dominance over her due to her young age and his fatherly status in the household, the jury could have reasonably found that defendant accomplished the charged acts by means of physical force (*see, e.g., People v Bailey,* 252 AD2d 815, *lv denied* 92 NY2d 922; *People v Archer,* 232 AD2d 820, *lv denied* 90 NY2d 938; *People v Beecher,* 225 AD2d 943, 945; *People v Webster,* 205 AD2d 312, *lv denied* 84 NY2d 834). Likewise, when viewed in a neutral light with due deference to the jury's credibility resolutions (*see, People v Bleakley, supra,* at 495), we find that the verdict is not against the weight of the evidence.

Nor do we find that an obvious misstatement by the prosecutor in his questioning of the victim pertaining to the time period when these crimes occurred warrants reversal of the convictions or dismissal of the indictment. During direct examination of the victim, the prosecutor asked her if she "ever remember[ed] in the spring of 1995, before [defendant's stepfather] died * * * being alone with the defendant at night watching television". An objection to this question was raised—and overruled—at which point the prosecutor stated that he would "ask it again". He then asked, "Do you remember in August of '95 being alone with the defendant, where [*sic*] your mother was over caring for [defendant's stepfather]? Do you remember that?", to which the victim responded, "Yes". Given the victim's previous testimony linking the timing of defendant's conduct to the illness of his stepfather, which she specifically testified was in the spring of 1995, and the fact that the prosecutor obviously made a simple misstatement in reformulating his question, we find defendant's contention that "[t]here was no testimony that the crimes charged occurred in the spring of 1995" patently meritless.

Finally, because the crimes involved separate and distinct acts on three occasions, Supreme Court was authorized to impose consecutive sentences (*see,* Penal Law § 70.25 [1]; *see also, People v Guillery,* 260 AD2d 661, *lv denied* 93 NY2d 971). Moreover, given the victim's young age, her relationship to defendant and the heinous nature of the crimes, we decline to modify the sentence imposed by Supreme Court (*see, e.g., People v Miller,* 226 AD2d 833, 837, *lv denied* 88 NY2d 939).

Defendant's remaining contentions have been reviewed and rejected.

Peters, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.