■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. SEHN, Appellant. [744 NYS2d 526] —Mercure, J.P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 3, 1998, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), attempted rape in the first degree, sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

Defendant was convicted on a number of counts of an indictment charging him with varying degrees of rape, attempted rape, sexual abuse, and endangering the welfare of a child, all arising out of his contact with two young girls* in 1996 and 1997. County Court imposed a number of consecutive terms, resulting in an aggregate of 45 to 90 years' imprisonment. His appeal primarily addresses the "forcible compulsion" element (*see*, Penal Law § 130.00 [8]) of the three counts of the indictment charging him with rape in the first degree: count 1, alleging that he forcibly raped the older girl at his apartment in the City of Troy, Rensselaer County, on or about November 5, 1996; count 2, alleging that he forcibly raped the younger girl at the same apartment on the same date; and count 4, alleging that he forcibly raped the younger girl at the same apartment during the month of November 1996, before Thanksgiving. According to defendant, in each of those cases, the jury's finding of forcible compulsion was either unsupported by legally sufficient evidence or was against the weight of the evidence. We disagree.

---

* In order to protect their identities, the girls, who were born in 1984 and 1986, will be referred to as "the older girl" and "the younger girl."

Pursuant to Penal Law § 130.00 (8), "forcible compulsion" means to compel by either:

"a. use of physical force; or

"b. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped."

Notably, the element of forcible compulsion is examined through " 'the state of mind produced in the victim' " (*People v Newell*, 290 AD2d 652, 653-654, quoting *People v Thompson*, 72 NY2d 410, 416), and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim (*see, People v Bailey*, 252 AD2d 815, 816-817, *lv denied* 92 NY2d 922; *People v Miller*, 226 AD2d 833, 836, *lv denied* 88 NY2d 939; *People v Beecher*, 225 AD2d 943, 945). In this case, it is undisputed that defendant was substantially older and larger than his victims and that they looked up to him as an authority figure and caregiver. In fact, on the occasions at issue here, defendant was alone with the girls and acting in the role of babysitter.

Regarding the events underlying count 1 of the indictment, the older girl testified that on or about November 5, 1996, while she was sitting in a chair, defendant put on a condom, approached her, pulled up her nightgown, took off her underwear and "then he stuck his penis inside [her]." She stated, "I was trying to get him off me" but "he just wouldn't budge" and "didn't say anything" but was just "moaning and groaning." The older girl also stated that during this encounter, she "fell through" the chair, that the entire ordeal lasted "ten minutes" and that defendant must have put his penis in her "very far" because it "hurt."

Regarding count 2 of the indictment, the younger girl testified that on election day, while she and the older girl were left alone with defendant, defendant got completely undressed and ordered her to take off her clothes. According to the younger girl, she listened to defendant, whom she referred to as her "uncle," because he was "bigger and older" and was an "adult." She testified that she was really scared because defendant put on a condom and she did not know what was going to happen. Defendant then pointed to her "private spot" and said "that is where I am going to put my penis." He then directed the older girl to leave the room, locked the door, got on top of the younger girl, put his penis in her and "started moving up and down."

With respect to count 4 of the indictment, the younger girl

testified that, after her "aunt" (referring to her mother's close friend, who was defendant's girlfriend) had left to go play bingo, defendant approached her with talk about a "threesome." She stated that defendant then put on a pornographic movie and "got on top of [her] and he put his penis in [her] and started moving up and down again." She testified that she was nervous, began crying and told defendant to "get off of [her]," but that he did not listen and instead told her to stop crying and that "he would be done in a little bit."

Given the age of the victims, defendant's extreme advantage in maturity, size and strength, the fact that the victims were isolated—in fact, locked—in an apartment with defendant and considered him to be an authority figure whom they obeyed, trusted and viewed as an "uncle," we conclude that, viewed in a light most favorable to the People, the victims' testimony was legally sufficient to allow a rational jury to conclude, as this one obviously did, that defendant committed the acts of sexual intercourse by means of forcible compulsion (*see, People v Bailey*, 252 AD2d 815, 816-817, *supra*; *People v Miller*, 226 AD2d 833, 836, *supra*; *People v Beecher*, 225 AD2d 943, 945, *supra*). Similarly, after conducting an independent review of the evidence and according great deference to the jury's assessment of the credibility and demeanor of the witnesses, we conclude that the jury's finding that defendant overcame his victims' will by forcible compulsion was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Nailor*, 268 AD2d 695, 697-698; *People v Miller*, *supra* at 836).

Defendant's remaining contentions warrant little discussion. Because the two sidebar conferences referred to in defendant's brief involved only issues of law or procedure, defendant's presence was not required (*see, People v Rodriguez*, 85 NY2d 586, 591; *People v Levens*, 252 AD2d 665, 667, *lv denied* 92 NY2d 927). Finally, given the heinous nature of defendant's crimes, the victims' ages and defendant's exploitation of his relationship with them, and the absence of any extraordinary circumstances, we are not persuaded to modify the sentence imposed by County Court, which was within the permissible sentencing parameters (*see, People v Nailor*, *supra* at 698; *People v Miller*, *supra* at 837).

Defendant's additional contentions have been considered and found to be unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.