## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 21, 2016                    106189
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

    v                                    MEMORANDUM AND ORDER

WAYNE D. MAXAM,
                    Appellant.
_____

Calendar Date:   November 20, 2015

Before:   Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Adam G. Parisi, Schenectady, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Hannah
E.C. Moore, New York Prosecutors Training Institute, Inc.,
Albany, of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered June 28, 2013, upon a verdict
convicting defendant of the crimes of strangulation in the second
degree, assault in the third degree and endangering the welfare
of a child (two counts).

        Defendant was charged in a four-count indictment alleging
various crimes stemming from his involvement in a violent
domestic dispute that occurred late in the evening of December
21, 2012 at his home in the Town of Hebron, Washington County.
Following a jury trial, defendant was convicted of one count of
strangulation in the second degree, one count of assault in the
third degree and two counts of endangering the welfare of a

child.  Defendant was sentenced, as a second felony offender, to an aggregate prison term of seven years, to be followed by five years of postrelease supervision, and ordered to pay a fine of $2,000.  Defendant now appeals.

The sole issue before us is defendant's contention that he was denied his right to a fair trial on the basis of County Court's ruling excluding the victim's prior written statement from evidence.  We find this argument to be without merit and affirm.

"It is well established that a witness' prior inconsistent statements may be used to impeach his [or her] trial testimony [a]nd the test of inconsistency . . . is not limited to outright contradictions between a witness' prior statements and his [or her] trial testimony" (People v Bornholdt, 33 NY2d 75, 88 [1973] [internal citation omitted]; see People v Wise, 46 NY2d 321, 326 [1978]; People v Duncan, 46 NY2d 74, 80 [1978], cert denied 442 US 910 [1979]).  However, before a witness may be impeached with such a statement, a proper foundation must be laid (see People v Concepcion, 175 AD2d 324, 327 [1991], lv denied 78 NY2d 1010 [1991]), and, "[i]f the witness denies that the statement was made or does not remember making it, he or she may be impeached by the testimony of others who heard the statement" (People v Carter, 227 AD2d 661, 663 [1996], lv denied 88 NY2d 1067 [1996]).

Here, while cross-examining the victim at trial, defense counsel questioned her about the statement that she gave to State Trooper Joseph Smith several hours after the attack occurred. Specifically, counsel asked the victim if she remembered giving a statement to Smith, to which she said, "I don't recall.  I don't remember a lot."  Counsel then asked, "You don't remember giving a statement?" to which the victim answered, "I remember giving a statement, yes, I do, but everything was jumbled."  Counsel then asked if the victim remembered telling Smith that she was sleeping on the couch just before the altercation.  The victim denied making such statement and explained that she told Smith that she was lying on the couch trying to go to sleep.  After being shown the statement by counsel, the victim confirmed that it was, in fact, the statement she vaguely recalled being read to her by Smith and that she had signed.  Defendant then

unsuccessfully attempted to offer the victim's statement into evidence. County Court sustained the People's hearsay objection, noting that Smith was available to be called as a witness and questioned with regard to the victim's statement. Inasmuch as defendant failed to lay a proper foundation for admission of this hearsay evidence, we find no abuse of discretion in County Court's ruling.

Additionally, a further inquiry into the substance of defendant's appellate contentions demonstrates that the victim's prior statement was not sufficiently inconsistent with her trial testimony to warrant its use on cross-examination (see People v Wise, 46 NY2d at 326). In this regard, defendant highlights the following purported inconsistencies in the victim's statement to Smith: (1) at trial, the victim stated that when defendant returned to the apartment, she was lying on the couch, whereas, in the written statement, she stated that she was asleep on the couch; (2) at trial, the victim stated that when defendant returned to the apartment, he unplugged his television and told the victim that he was taking everything, whereas the written statement does not mention unplugging the television or that defendant said he was taking everything; (3) at trial, the victim stated that after defendant attacked her, she lost consciousness, while in the written statement she stated only that she thought she would black out; and (4) at trial, the victim stated that defendant released her and she ran into the driveway, whereas, in the written statement, the victim claimed that she was somehow able to break free when defendant relaxed his grip.

Only the victim's prior statement that she thought she would black out even remotely speaks to an ultimate and material jury issue, as the charge of strangulation in the second degree requires the victim to experience stupor or loss of consciousness (see Penal Law § 121.12; People v Diaz, 20 NY3d 569, 576 [2013]). However, County Court's decision to not admit the victim's statement was not an abuse of discretion given that defendant was afforded the opportunity to call Smith in his case-in-chief. The three remaining alleged inconsistencies are collateral to the point of being irrelevant and, in our view, have no bearing on the victim's overall credibility (see People v Ludwig, 24 NY3d 221, 233 [2014]). Thus, measured against the appropriate

standards of law, the evidence was properly precluded.  Finally, even if we were to find that County Court should have admitted the statement, it would be harmless error in light of the overwhelming evidence of defendant's guilt, which included the victim's and other witness testimony as well as photographs and medical evidence (see People v Anderson, 114 AD3d 1083, 1087 [2014], lv denied 22 NY3d 1196 [2014]).

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court