UNITED STATES of America,
Appellee,

v.

Anthony PHILLIPS, Defendant–
Appellant.

Docket No. 04–2166–CR.

United States Court of Appeals,
Second Circuit.

Argued Feb. 4, 2005.

Decided Dec. 7, 2005.

United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Before: WALKER, Chief Judge, HALL and GIBSON, Circuit Judges.*

JOHN M. WALKER, JR., Chief Judge.

Defendant-appellant Anthony Phillips appeals from an April 14, 2004, judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge* ) convicting him, after his guilty plea, of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (d), and sentencing him principally to 180 months' imprisonment. In sentencing Phillips, the district court applied, *inter alia,* a five-level enhancement for being a repeat and dangerous sex offender against minors, pursuant to U.S.S.G. § 4B1.5(b). On this appeal, Phillips argues (1) that the district court erred in imposing this five-level enhancement based on unadjudicated juvenile conduct, and made insufficient factual findings; and (2) that his sentence is invalid under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because sentencing enhancements were based on facts neither found by a jury nor admitted by Phillips.[1] For the reasons that follow, we remand the case with instructions to vacate the sentence and resentence Phillips.

## BACKGROUND

### I. The Government Investigation and the Offense [2]

In July 2001, the Federal Bureau of Investigation ("FBI") began investigating

Jason L. Solotaroff, Giskan & Solotaroff (Robert A. Culp, on the brief), New York, NY, for Defendant–Appellant.

Colleen Kavanaugh, Assistant United States Attorney (Roslynn R. Mauskopf,

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. The briefs in this case preceded, and oral argument followed, the Supreme Court's deci- sion in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. Because Phillips pleaded guilty, the facts are drawn largely from the plea allocution

"NetNews3," a website that sold child pornography over the internet. NetNews3 subscribers paid a monthly access fee, and the FBI determined, based on Phillips's credit-card records, that he had purchased a subscription. FBI agents then obtained a warrant to search a residence in Mineola, New York, believed to belong to Phillips. On March 13, 2002, when the FBI executed the warrant, they learned that the house was the home of a family that had befriended Phillips. To protect their identity, we will call them the "Doe" family. Phillips had been a babysitter for Mr. and Mrs. Doe's daughter, eleven-year-old "Jane Doe." The Does gave the FBI Jane Doe's diary, which recounted a previously unknown sexual and romantic relationship between the defendant and their minor daughter. They also turned over letters that Phillips had written to Jane Doe, signed "your husband," "your hunnie," and "your baby boy," and in which he expressed vows of affection.

The FBI subsequently executed a warrant to search Phillips's home. The search uncovered and the FBI seized a computer, 67 CD–ROMs, various photographs, and Phillips's 1996 diary. The CD–ROMs contained approximately 103,000 images and short movies of child pornography. Among the images on the CD–ROMs were pornographic images of Jane Doe, including pictures of her performing oral sex on Phillips, Phillips inserting his fingers into her vagina, and Jane Doe exposing herself. During a subsequent interview, Jane Doe admitted to a sexual relationship with Phillips, during which he had given her numerous gifts, such as Pokemon games, roller-skate sneakers, a bicycle, jewelry, and two vibrators.

The FBI discovered further evidence that Phillips had sexually exploited at least four other children. This evidence was presented to the district court in a presentence report ("PSR"). First, some photographs found at Phillips's residence depicted a six— or seven-year-old boy, later identified as a neighbor for whom Phillips babysat. Most of them showed the boy naked touching his penis; in one, he was holding a sign that read, "I enjoy this very much!! Wow Anthony." A later interview with the boy revealed that Phillips had shown him pornography and made him touch Phillips's penis.

Second, Phillips made repeated references in his diary to sexual relationships with several minor girls. The FBI identified two of them. One girl denied having a sexual relationship with Phillips, while the other recalled it. The latter, who was ten years younger than Phillips, indicated that when she was seven— or eight-years-old, Phillips kissed her on the lips, touched her "privates," and performed oral sex on her, all on more than one occasion.

Third, the FBI learned of a relationship between the defendant and a thirteen-year-old Brooklyn boy. The two met through an internet chat room; the boy indicated that he was thirteen, while Phillips claimed to be eighteen when he was, in fact, twenty-two at the time. A month after they met in person, the two became "boyfriends" and engaged in sexual contact by kissing on the mouth. The boy stated that they slept together but did not engage in intercourse or oral sex.

Fourth, an interview of Phillips's mother revealed that Phillips had molested his nine-year-old half-sister. His mother stated that Phillips had given the girl a vibrator, which she used while he watched her and masturbated. The half-sister described a gift of two vibrators and also recalled being shown child and adult por-

and presentence report ("PSR"), which the district court adopted at sentencing.

nography. She also recounted that, in January 2002, when the defendant was twenty-two years old, he had attempted unsuccessfully to put his hands down her pants and engage in anal sex with her. The half-sister also reported that Phillips informed her of his plans to introduce her to a boy related to one Ronald Trimm so that the two children could engage in sexual activity in a hotel room. Jane Doe was also aware of this plan.

## II. *The Plea and Sentencing Proceedings*

On March 17, 2003, Phillips pleaded guilty to "knowingly and intentionally employ[ing], us[ing], persuad[ing], induc[ing], entic[ing] and coerc[ing] a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in interstate and foreign commerce," in violation of 18 U.S.C. § 2251(a) and (d). During his plea allocution, Phillips admitted that he persuaded Jane Doe to engage in sexually explicit conduct for the purpose of producing photographs.

The PSR recommended a total offense level of 35 and a corresponding Sentencing Guidelines range of 168–210 months. Among the enhancements it proposed was a five-level enhancement, pursuant to § 4B1.5(b), for engaging in a pattern of prohibited sexual conduct with at least two minor victims on separate occasions. In recommending this enhancement, which is the principal subject of this appeal, the PSR relied on the sexual conduct with Jane Doe (to which Phillips pleaded guilty) and "the male victim he babysat for [for] two years (approximately 1993 to 1994)."

Prior to sentencing, Phillips filed a letter with the district court in which he objected to various matters in the PSR. Specifically, he denied having sexual contact with his half-sister and the other female identified in the PSR. He further maintained that the conduct, if any, with the boy for whom he babysat occurred when Phillips was between thirteen— and fourteen-years-old and, therefore, could not serve as a basis for the enhancement because it was unadjudicated juvenile conduct.

At sentencing, Chief Judge Korman rejected Phillips's argument that juvenile conduct could not be used to determine the applicability of § 4B1.5(b)(1). He also denied Phillips's request for a *Fatico* hearing. Chief Judge Korman adopted the factual findings and Guidelines calculations set forth in the PSR, concluding:

> I agree with the probation's guideline calculation and the five-level upward adjustment for a pattern of behavior. I don't think the fact [that] some of the conduct that constituted a pattern occurred when he was a juvenile provides a legal ground for not categorizing this as a pattern and for not increasing the offense level by five points.

The district judge sentenced Phillips principally to 180 months' imprisonment. This appeal followed.

## DISCUSSION

Phillips raises two objections to the five-level enhancement under U.S.S.G. § 4B1.5(b): (1) that the enhancement for an offender engaged in a pattern of sexual exploitation of minors cannot be based on unadjudicated juvenile conduct; and (2) that the district court made insufficient factual findings to support the enhancement. Reviewing the district court's interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error, *see, e.g., United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005), we conclude that unadjudicated juvenile conduct may be properly considered under § 4B1.5(b), but that the district court's

factual findings were insufficient. Accordingly, we remand with instructions to vacate the sentence and resentence the appellant.

## I. The Consideration of Unadjudicated Juvenile Conduct Under U.S.S.G. § 4B1.5(b)

 U.S.S.G. § 4B1.5(b) provides, in relevant part, for a five-level enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b) (2002).[3]

Phillips contends that the § 4B1.5(b) enhancement for a pattern of prohibited sexual behavior does not apply to unadjudicated conduct perpetrated by an adolescent because neither the Guidelines nor the Application Notes explicitly say that it does. Phillips focuses on the language of § 4B1.5(a),[4] which provides for an enhancement based on a prior conviction for a sex offense against a minor. He argues that a juvenile defendant charged with sexual abuse would not receive an adult conviction, but rather a juvenile-delinquency adjudication. See 18 U.S.C. § 5032. He, therefore, asserts that it would not

make sense that an individual with a prior adjudicated juvenile offense would *not* receive an enhancement under subsection (a), but an individual with an *un* adjudicated juvenile offense could under subsection (b).

Phillips's argument is unconvincing. The enhancement imposed by § 4B1.5(a) relies on the existence of at least one prior conviction for a sex offense. In contradistinction, § 4B1.5(b), by its terms, punishes a pattern of prohibited conduct with no reference to whether such conduct in fact led to a conviction or any form of punishment. The 2002 version of Application Note 4 to the Guideline explains that a "pattern of activity" requires "prohibited sexual conduct" with at least two minors on separate occasions.[5] U.S.S.G. § 4B1.5 cmt. n. 4(B)(i). It further explains that an "occasion of prohibited sexual conduct may be considered ... without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id.* § 4B1.5 cmt. n. 4(B)(ii). And the Application Note further defines "prohibited sexual conduct" as, among other things, "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." [6] *Id.* § 4B1.5 cmt. n. 4(A).

3. Phillips was sentenced under the 2002 Guidelines. Unless otherwise noted, all references to the Guidelines herein are to the version in effect in 2002. Both § 4B1.1 and § 4B1.5(a) require that the predicate acts be convictions, whereas § 4B1.5(b) does not require that the offenses have resulted in convictions. U.S.S.G. § 4B1.5 cmt. n. 4(B)(ii).

4. Subsection (a) of U.S.S.G. § 4B1.5 provides for a sentencing enhancement

[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to

sustaining at least one *sex offense conviction*
. . . .

(emphasis added).

5. Under Application Note 4, as subsequently amended, the "pattern" can be satisfied by the exploitation of one minor, instead of two: "For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5 cmt. n. 4 (2004).

6. Application Note 4 fully defined "prohibited sexual conduct" as follows:

Although 18 U.S.C. § 2426(b) makes reference to convictions, which plainly are unnecessary to prove "an occasion of prohibited sexual conduct," *see id.* § 4B1.5 cmt. n. 4(B)(ii), the text of § 2426(b) lists a series of offenses that are adopted by reference in the Adoption Note to define prohibited sexual conduct. These offenses are:

(A) under this chapter, chapter 109A [18 U.S.C. § 2241 et seq. (sexual abuse) ], or chapter 110 [18 U.S.C. § 2251 *et seq.* (sexual exploitation and other abuse of children) ]; or

(B) under *State law* for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States ....

18 U.S.C. § 2426(b)(1) (emphasis added).

The list of offenses covered by § 2426(b)(1) plainly extends to juvenile offenders. It includes any offense under chapter 109A of Title 18 of the United States Code. One of the specific crimes set forth in that chapter is sexual abuse of a minor or ward, 18 U.S.C. § 2243, which provides:

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who-

(1) has attained the age of 12 years but has not attained the age of 16 years; and

(2) is at least four years younger than the person so engaging;

or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

Thus, the statute makes it an offense for a sixteen-year-old to engage in a sexual act with a twelve-year-old minor, someone "at least four years younger than the person so engaging." *Id.* Nothing in the statute limits its coverage to violators over the age of eighteen. Nor does it matter whether a juvenile defendant in such a case in fact would be prosecuted as an adult or as a juvenile delinquent; sexual abuse of a minor by a minor is prohibited conduct constituting an offense under federal law.

There is further indication that conduct engaged in by a juvenile may be considered in applying § 4B1.5(b). Through 18 U.S.C. § 2426(b)(1)(B), U.S.S.G. § 4B1.5(b)'s pattern of activity involving prohibited sexual conduct also includes an offense under state law if it would have been an offense under the applicable federal statutes. U.S.S.G. § 4B1.5 cmt. n. 4(A); 18 U.S.C. § 2426(b)(1)(B). In New York (the locus of Phillips's unlawful sexual offenses), for example, a fourteen— or fifteen-year-old may be prosecuted as an adult and held criminally responsible for certain enumerated acts, including oral sexual contact with another person by forcible compulsion, or with someone who is physically helpless, either of which category could include minor victims. *See* N.Y. Penal Law §§ 30.00, 130.50(1) & (2); *cf. In re Bruce T.*, 190 A.D.2d 805, 593 N.Y.S.2d 564 (2d Dept.1993) (holding that, on the issue of "forcible compulsion," the

For purposes of subsection (b), "prohibited sexual conduct" (i) means any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) includes the production of child pornography; (iii) includes trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the de-

fendant sustained a felony conviction for that trafficking in child pornography; and (iv) does not include receipt or possession of child pornography. "Child pornography" has the meaning given that term in 18 U.S.C. § 2256(8).

U.S.S.G. § 4B1.5 cmt. n. 4(A).

twelve-year-old appellant's act against a seven-year-old was perpetrated by the use of forcible compulsion, in view of the relative strength and size of the parties and the isolated circumstances under which the act occurred). Because New York permits, in some instances, the prosecution of a juvenile as an adult for engaging in sexual contact with a minor, it follows that the conduct deemed to be an offense listed in 18 U.S.C. § 2426(b)(1) extends to conduct carried out by persons under age eighteen.[7] Thus, both the Congress and the New York State legislature have decided that certain juvenile conduct constitutes offenses that can be prosecuted. We easily hold, therefore, that with respect to such juvenile conduct Guideline 4B1.5(b) reaches it whether or not it has been adjudicated.

Further support is found in the Guidelines themselves, which we "construe[ ] as if they were a statute, giving the words used their common meaning, absent a clearly expressed manifestation of contrary intent." *United States v. Kirvan*, 86 F.3d 309, 311 (2d Cir.1996). Section 4B1.5(b) and its Application Notes contain no juvenile-conduct or conviction-limiting language, in contrast to other Guidelines within Chapter 4.

For example, Guideline 4A1.1, which covers the computation of criminal-history categories, provides for a three-point enhancement for any prior sentence exceeding one year and one month, U.S.S.G. § 4A1.1(a), but qualifies this by explaining that "[a] sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted under this item only if it resulted from an adult conviction," *id.* § 4A1.1 cmt. n. 1. Likewise, two

points are added for "each prior sentence of imprisonment of at least sixty days not counted in (a)," *id.* § 4A1.1(b), but "[a]n adult or juvenile sentence imposed for an offense committed prior to the defendant's eighteenth birthday is counted only if confinement resulting from such sentence extended into the five-year period preceding the defendant's commencement of the instant offense," *id.* § 4A1.1 cmt. n. 2 (citing *id.* § 4A1.2(d)); *see also id.* § 4A1.1(c). Section 4B1.5(b) makes no such distinction between adult and juvenile adjudications.

Section 4B1.1, the career-offender enhancement, is also instructive because § 4B1.5(b) specifically states that it is applicable only when § 4B1.1 is *not* applicable. Section 4B1.1 only applies if, *inter alia*, the offense of conviction occurred after the defendant was eighteen-years-old and he had two prior felony convictions. Application Note 1 to § 4B1.2, which defines the terms used in § 4B1.1, explains that the "prior felony conviction[s]" could relate to offenses committed while the defendant was a minor:

> "Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.... *A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted (e.g.,* a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult

---

**7.** In view of our disposition of Part II of this opinion, we express no view on whether the conduct reported in the defendant's PSR would fall within the purview of subdivisions one or two of N.Y. Penal Law § 130.50, as interpreted by the New York courts. We leave that determination in the first instance to the district court on remand.

conviction if the defendant was expressly proceeded against as an adult).

*Id.* § 4B1.2 cmt. n. 1 (emphasis added). Thus, the Sentencing Commission specifically limited the applicability of the career-offender Guideline to convictions for offenses committed when the defendant was an adult, but it included no such limitation for counting the predicate prior felony convictions so long as the defendant was prosecuted for them as an adult. By contrast again, § 4B1.5(b) contains no language placing constraints on the use of a conviction based on the defendant's age.

Because some of the offenses covered by 18 U.S.C. § 2426(b)(1) prohibit juveniles from engaging in sexual acts with minors and because U.S.S.G. § 4B1.5(b) does not specifically carve out unadjudicated juvenile conduct from the district court's consideration, we conclude that, in applying § 4B1.5(b), the district court is permitted to take into account sexually exploitative conduct that occurred while the defendant was himself a juvenile. This makes sense because the Guideline is aimed at "repeat and dangerous sex offenders" and is intended to aggressively target recidivist exploiters of minors. *See id.* § 4B1.5 cmt. background; *see also* Diana E. Murphy, Symposium, *Inside the United States Sentencing Commission: Federal Sentencing Policy in 2001 and Beyond,* 87 Iowa L.Rev. 359, 374 (2002) (chair of Sentencing Commission commenting that § 4B1.5(b) was adopted to punish "those who have exhibited prior prohibited sexual conduct with two or more victims ...."). In imposing sentence, therefore, the district court was not precluded either by Phillips's adolescence or by the fact that his juvenile conduct was unadjudicated from taking that conduct into account.

## II. *The District Court's Factual Findings*

■ Phillips contends that the district court should have held a *Fatico* hearing.

We easily dispose of this argument. "The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996) (internal citations and quotation marks omitted). Phillips's counsel opposed the five-point enhancement in a letter to the district court and at the sentencing hearing. This was plainly sufficient.

■ Phillips also argues that the district made no factual findings, but simply and inadequately stated in the judgment that it was adopting the factual findings and Guidelines application in the PSR. "As to facts disputed in connection with sentencing, the [district] court is required to make findings sufficient to permit appellate review." *United States v. Thompson,* 76 F.3d 442, 456 (2d Cir.1996). This obligation can be satisfied by specific references to the presentence report.

> A district court satisfies its obligations to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report. It may do so either at the sentencing hearing *or* in the written judgment it files later.

*United States v. Molina,* 356 F.3d 269, 275–76 (2d Cir.2004) (internal citations omitted) (emphasis added).

The government correctly points out that not only did the district court adopt the factual findings and Guidelines recommendations in the PSR in its written judgment, but it also did so during the sentencing hearing. The PSR initially recommended that the five-level enhance-

ment under § 4B1.5(b) be applied because "[t]he defendant was repeatedly involved in sexual conduct with both Jane Doe and the male victim he babysat for [for] two years (approximately 1993 to 1994)." In his March 30, 2004, letter to Chief Judge Korman challenging the PSR's recommendations, Phillips argued that the alleged conduct with the boy victim occurred while he was thirteen or fourteen years old. The probation department's addendum to the PSR disagreed with Phillip's estimate of his age, and adopted the government's position that Phillips was fifteen or sixteen at the time he molested the boy, who was then around seven or eight. In imposing sentence, the district court indicated it "agree[d] with the probation's guideline calculation and the five-level upward adjustment for a pattern of behavior." It also plainly referenced the two predicate acts of exploitation of a minor (Jane Doe and the boy for whom he babysat), as well as adopting the findings of fact and Guidelines calculations in the written judgment.

■ While we conclude therefore that the district court's findings of fact were generally sufficient, *see Molina*, 356 F.3d at 275–76, they were deficient with respect to the § 4B1.5(b) enhancement. "Prohibited sexual conduct" under § 4B1.5(b) includes *either* any offense listed in 18 U.S.C. § 2426(b)(1), *or* the production of or trafficking in child pornography. U.S.S.G. § 4B1.5 cmt. n. 4(A). In applying the Guideline, the district court failed to explain how either part of that requirement was satisfied. To the extent that the district court was relying on the former, it did not identify the federal or state statutes that prohibited Phillips's exploitative unadjudicated conduct and rendered that conduct "an offense" under § 2426(b)(1). To justify the application of § 4B1.5(b), the district court must explicitly state which

statutory offenses constitute the "prohibited sexual conduct." Unless the district court does so, this court cannot effectively review whether the conduct was prohibited by law and covered by § 4B1.5(b). Explication is particularly necessary here where the category of covered juvenile offenses is nuanced. Similarly, if the enhancement is based on the production of or trafficking in child pornography—the alternative "prohibited sexual conduct" covered by § 4B1.5(b)—the district court must engage in comparable fact finding.

Accordingly, we remand the case to the district court with instructions to vacate the sentence and resentence Phillips with explicit findings as to the predicate violations supporting any § 4B1.5(b) enhancement.

■ Finally, we reject Phillips's argument that his sentence must be vacated in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and now *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* does not require vacatur where the objection is unpreserved below, *see United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). But because we are ordering resentencing due to a fact-finding error, the district court is instructed to resentence Phillips in conformity with *Booker* as well.

### CONCLUSION

For the foregoing reasons, the case is REMANDED to the district court with instructions to vacate the sentence and to resentence the appellant in conformity with this opinion.