UNITED STATES of America,
Appellee,

v.

Francisco Jose VARGAS, Defendant–
Appellant.

No. 05–2320–CR.

United States Court of Appeals,
Second Circuit.

March 17, 2006.

Arianna R. Berg, Assistant United States Attorney (Katherine R. Goldstein and Harry Sandick, Assistant United States Attorneys), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee, of counsel.

Avrom J. Robin (Ira D. London) New York, N.Y., for Defendant–Appellant, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Following a two-week jury trial in the United States District Court for the Southern District of New York (Wood, *J.*), Defendant–Appellant Francisco Jose Vargas ("Jose Vargas") was convicted of one count of conspiracy to distribute, and to possess with intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. § 846. On April 26, 2005, Jose Vargas was sentenced to 151 months' imprisonment, five years' supervised release, and payment of a $100 special assessment. The district court determined that the applicable Sentencing Guidelines range was 151 to 188 months. Jose Vargas challenges (1) his conviction on sufficiency of evidence grounds, and (2) his sentence on the grounds that the district court (a) wrongly declined to apply a role reduction and (b) miscalculated the quantity of drugs attributable to him.

We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

■ A jury verdict will be set aside for insufficiency of the evidence only where no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). In considering the sufficiency of the evidence, the court must view all evidence in the light most favorable to the government, *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002), and resolve all issues of credibility in favor of the jury verdict, *United States v. Desena*, 287 F.3d 170, 177 (2d Cir.2002). Jose Vargas admits that the evidence shows that he participated in a joint drug transaction as a lookout, but argues that there is no proof that he knew the object of the conspiracy: to arrange for the conversion of a kilogram of black tar heroin to beige heroin. It is true that "[t]o sustain a conspiracy conviction, the government must present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir.2004) (internal quotation marks omitted). But the evidence presented—in particular, a recipe found on Jose Vargas's person for converting black tar heroin to beige heroin—plainly permits the inference that he knew of his co-conspirators' scheme.

■ Jose Vargas also contends that he was a peripheral participant in the conspiracy, and as such, should have been granted a downward departure either as a minor or minimal participant in the conspiracy under Sentencing Guideline § 3B1.2. The court reviews the district court's interpre-

tation of the Sentencing Guidelines *de novo* and the factual findings underlying application of the Guidelines for clear error. *United States v. Phillips*, 431 F.3d 86, 89 (2d Cir.2005). As we have noted, "a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks and alteration omitted).

A reduction under § 3B1.2 "will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *United States v. Rahman*, 189 F.3d 88, 159 (2d Cir.1999) (per curiam). Here, noting that Jose Vargas repeatedly warned his co-conspirators of the police presence and carried instructions for converting black tar heroin, the district court found that Jose Vargas's role was not minor, but "integral to the transaction." Jose Vargas presents no reason, in light of the district court's factual find-

ings, to dispute that conclusion. Hence, his role reduction claim must fail.

Finally, Jose Vargas argues that he should not be held accountable for conspiring to distribute at least one kilogram of cocaine because that drug quantity was not reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3(a)(1)(B). But "the quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction." *United States v. Chalarca*, 95 F.3d 239, 243 (2d Cir.1996). Again citing Jose Vargas's warnings to his co-conspirator and his possession of the heroin conversion instructions, the district court found that Jose Vargas had personally participated, and that the attribution to him of the full kilogram was therefore appropriate. We find no error in the district court's conclusion.

We have considered all of Jose Vargas's arguments, and we have found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.