United States v. Ryder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
                        Circuit Judges,
        LAURA TAYLOR SWAIN,
                        District Judge.[*]

- - - - - - - - - - - - - - - - - - - -X
United States of America,
        Appellee,

        -v.-                                13-3796

Jamaine Ryder,
        Defendant-Appellant.[**]
- - - - - - - - - - - - - - - - - - - -X

---

[*]     The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

[**]    The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

**FOR APPELLANT:**                    STEPHEN LANCE CIMINO, Syracuse,
                                     New York.

**FOR APPELLEE:**                    SAMUEL HARBOURT, Bristow Fellow,
                                     Office of the Solicitor General,
                                     United States Department of
                                     Justice, Washington, District of
                                     Columbia.

                                     Brenda K. Sannes & Richard R.
                                     Southwick, on the brief,
                                     Assistant United States
                                     Attorneys (for Richard S.
                                     Hartunian, United States
                                     Attorney for the Northern
                                     District of New York), Syracuse,
                                     New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jamaine Ryder appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, J.), sentencing him to concurrent terms of 57 months' imprisonment on one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Ryder argues that his sentence is procedurally unreasonable because the district court did not hold an evidentiary hearing to resolve disputed facts relevant to the calculation of his Sentencing Guidelines range. This claim is reviewed only for an abuse of discretion. United States v. Ghailani, 733 F.3d 29, 54-55 (2d Cir. 2013), cert. denied, 134 S. Ct. 1523 (2014).

"[I]t is well established that a district court need not hold an evidentiary hearing to resolve sentencing disputes, as long as the defendant is afforded 'some opportunity to rebut the [g]overnment's allegations.'" Id. at 54 (quoting United States v. Broxmeyer, 699 F.3d 265, 280

(2d Cir. 2012)); accord United States v. Phillips, 431 F.3d 86, 93 (2d Cir. 2005).

Ryder had several opportunities to challenge the government's position on the two issues he cites in this appeal: the total loss amount of the check-cashing conspiracy for which Ryder could properly have been held responsible; and Ryder's leadership role. Ryder proffered facts and arguments relating to these issues in his objections to the Presentence Report, in his sentencing memorandum, and in his counsel's argument to the district court at the sentencing hearing. Because Ryder had several opportunities to make his arguments about loss amount and his leadership role, the refusal to hold an evidentiary hearing to resolve these issues was not an abuse of discretion. Indeed, the Sentencing Guideline application adopted by the district court was not inconsistent with the defendant's factual proffers.

For the first time in his reply brief, Ryder asserts that the district court erred in failing to state in open court, with specificity, its reasons for rejecting Ryder's sentencing arguments. We do not consider this argument, because it was raised for the first time in Ryder's reply brief, depriving the government of an opportunity to respond. Sherman v. Town of Chester, 752 F.3d 554, 568 n.4 (2d Cir. 2014).

For the foregoing reasons, and finding no merit in Ryder's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK