13-3151-cr (L)
United States v. Khandrius, Shelikhova

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of May, two thousand fifteen.

Present:     PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
                 *Circuit Judges*,
            J. GARVAN MURTHA,[1]
                 *District Judge*.

---

UNITED STATES OF AMERICA,

                 *Appellee*,

            v.                                              13-3151-cr(L),
                                                            13-4594-cr(Con)

YURI KHANDRIUS, IRINA SHELIKHOVA,

                 *Defendants-Appellants*.[2]

---

Appearing for Appellants:     Elkan Abramowitz, Morvillo Abramowitz Grand Iason & Anello
                              P.C. (Lawrence S. Bader, Eric M. Ruben, *on the brief*), New York,
                              N.Y., *for Defendant-Appellant Khandrius*.

---

[1] The Honorable, J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

Randolph Z. Volkell, Merrick, N.Y., *for Defendant-Appellant Shelikhova*.

Appearing for Appellee: Sarah M. Hall, Trial Attorney (David C. James, Assistant U.S. Attorney, Loretta E. Lynch, U.S. Attorney for the Eastern District of New York, *on the brief*), Brooklyn, N.Y., *in the appeal of Defendant-Appellant Khandrius*.

        Susan Corkery, Assistant U.S. Attorney (Loretta E. Lynch, U.S. Attorney for the Eastern District of New York, *on the brief*), Brooklyn, N.Y., *in the appeal of Defendant-Appellant Shelikhova*.

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

  **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court as to Defendant-Appellant Khandrius be and it hereby is **VACATED** and the case is **REMANDED** for resentencing. Attorney Randolph Z. Volkell's motion, pursuant to *Anders v. California*, 386 U.S. 738 (1967), to withdraw from his representation of Defendant-Appellant Shelikhova is **GRANTED**, and the government's motion to dismiss Shelikhova's appeal is **GRANTED**.

  Defendant-Appellant Yuri Khandrius appeals from the August 9, 2013 judgment of conviction entered by the United States District Court for the Eastern District of New York (Gershon, *J.*), which principally sentenced him to 96 months' imprisonment. Khandrius pleaded guilty to one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, one count of conspiracy to pay health care kickbacks, in violation of 18 U.S.C. § 371, and one count of health care fraud, in violation of 18 U.S.C. § 1347.

  Defendant-Appellant Irina Shelikhova pleaded guilty, under a plea agreement, to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h), under the same superseding indictment charging Khandrius. In its November 22, 2013 judgment, the district court principally sentenced Shelikhova to 180 months' imprisonment. Randolph Z. Volkell, Shelikhova's appellate counsel appointed under the Criminal Justice Act, has filed an *Anders* motion seeking permission to withdraw as counsel, to which Shelikhova responded pro se. The government has moved to dismiss the appeal based on Shelikhova's waiver of her appellate rights.

  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

**Khandrius's Appeal**

**I.** *Studley*

  We review criminal sentences for procedural reasonableness under an abuse of discretion standard. *United States v. Chu*, 714 F.3d 742, 746–47 (2d Cir. 2013). "A district court commits

procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range . . . ." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). "The district court's interpretation of the Guidelines is a question of law, which we review *de novo*. As to the facts that support the application of a Guideline, the burden of proving such facts is on the government, the standard for proving such facts is a preponderance of the evidence, and we review the district court's factual conclusions for clear error." *United States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011) (internal citation omitted).

Under the Guidelines, relevant conduct of co-conspirators may be considered by the sentencing court. *See* U.S.S.G. § 1B1.3(a)(1)(B). In order to hold the defendant accountable for jointly undertaken criminal activity, the district court must make two particularized findings: "1) that the acts were within the scope of the defendant's agreement and 2) that they were foreseeable to the defendant." *United States v. Studley*, 47 F.3d 569, 574 (2d Cir. 1995). In *Studley* we identified several factors relevant to determining the scope of the defendant's agreement: (1) "whether the participants pool[ed] their profits and resources, or whether they work[ed] independently"; (2) "whether the defendant assisted in designing *and* executing the illegal scheme"; and (3) "what role the defendant agreed to play in the operation, either by an explicit agreement or implicitly by his conduct." *Id.* at 575.

The district court asserted a finding that Khandrius's conduct evidenced an implicit agreement sufficiently broad to include all of the conspiracy's activities. Relying principally on Khandrius's awareness of the scope of the conspiracy and his interest in being paid by the clinic, the district court concluded that the entire intended loss amount, nearly $77.5 million in fraudulent Medicare billing, was properly attributable to Khandrius under the Guidelines. We disagree.

The findings of the district court are insufficient to satisfy the first of the *Studley* prongs. For instance, the court noted that Khandrius played "a big role" in the scheme, including by posing as a doctor and failing to correct individuals who erroneously identified him as such. But to whatever extent the clinic's fraudulent billing depended on Khandrius's impersonation of Dr. Drivas, even important participation in one aspect of a conspiracy with awareness of others does not necessarily establish responsibility for the whole of the conspiracy's activities. "[T]he scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct embraced by the law of conspiracy." *United States v. Getto*, 729 F.3d 221, 234 n.11 (2d Cir. 2013) (internal quotation marks omitted). In addition, the court gave undue weight to Khandrius's knowledge of the fraud, including his awareness that a suspiciously high volume of patients passed through the clinic and that some patients received cash kickbacks. But as we have emphasized, neither "knowledge of another participant's criminal acts," nor "aware[ness] of the scope of the overall operation" alone is enough to deem the defendant responsible for the acts of co-conspirators. *Studley*, 47 F.3d at 575. Finally, the court determined that Khandrius expanded the variety of diagnostic tests he conducted in order to increase his compensation. Khandrius was not paid on a commission basis. As in *Studley*, there is no indication here that Khandrius's pay "was directly tied to the activities of the other [conspirators]," *id.*, nor that he "shared in the *profits*" of the overall operation, *id.* at 572 (emphasis added). That Khandrius was paid as a clinic employee is insufficient to establish that the entire scope of the scheme orchestrated by his employers fell within his agreement.

3

Nor does our review of the record reveal sufficient evidence to support a particularized finding that Khandrius's agreement to participate in this conspiracy encompassed the whole of its activities.

The government contends that Khandrius bore the burden to prove that the fraud loss caused by the conspiracy fell outside the scope of his agreement. We find this argument unavailing. The case cited by the government in support of its contention, *United States v. Negron*, 967 F.2d 68, 72 (2d Cir. 1992), stands only for the proposition that the defendant carries the burden with respect to the second *Studley* prong—the *foreseeability* of co-conspirators' conduct—which is not at issue on this appeal. In addition, a 1992 amendment to the Guidelines, removing language from the commentary on which the *Negron* court relied, erodes that holding. *Compare* U.S.S.G. § 1B1.3, Applic. Note 1 (1991) *with* U.S.S.G. § 1B1.3, Applic. Note 1 (1993). Indeed, this alteration clarified that the duty to make particularized findings as to both the defendant's agreement and the foreseeability of co-conspirators' acts lies with the sentencing court, and we have expressly stated that the burden rests with the government to establish, by a preponderance of the evidence, the scope of the defendant's agreement. *Studley*, 47 F.3d at 574, 576; *see United States v. Rizzo*, 349 F.3d 94, 99 (2d Cir. 2003) (noting that under Section 1B1.3 the government "[i]s required to prove" that a third party's acts are within the scope of defendant's agreement and reasonably foreseeable to the defendant).[3] We see no reason to alter the allocation of this burden.

Accordingly, we vacate Khandrius's sentence and remand the case to the district court with instruction to sentence Khandrius without considering the acts of co-conspirators, unless the district court makes particularized findings that the scope of his agreement to undertake jointly the conspiracy's activities was broad enough to cover the acts of individual co-conspirators and that these acts were foreseeable to him.

## II. *Fatico*

Khandrius also challenges the district court's denial of his request for a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). We review the denial of an evidentiary hearing for an abuse of discretion. *United States v. Ghailani*, 733 F.3d 29, 54 (2d Cir. 2013).

While a district court must afford the defendant an opportunity to rebut disputed factual allegations relevant to sentencing, neither the Due Process Clause nor the Guidelines require the

---

[3] We note, however, that *Rizzo*'s treatment of the evidentiary burden with respect to foreseeability under Section 1B1.3 is at odds with other of our cases applying post-1992 versions of the Guidelines. *See, e.g.*, *United States v. Martinez-Rios*, 143 F.3d 662, 677–78 (2d Cir. 1998); *United States v. Mulder*, 273 F.3d 91, 119 (2d Cir. 2001); *United States v. Firment*, 296 F.3d 118, 122 (2d Cir. 2002). In these cases we relied on *Negron* and its progeny for the proposition that the defendant must prove that the acts of co-conspirators were not foreseeable. However, these decisions did not address the effect, if any, of the 1992 amendment. While we harbor doubt as to the continued viability of *Negron*, we need not resolve this apparent tension today, as this line of precedent does not control the burden of proof at issue here.

district court to hold a formal evidentiary hearing. *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005). Khandrius, however, argues that in declining to hold a *Fatico* hearing the district court erred by (1) viewing the issue of the scope of his agreement as a legal, rather than factual, dispute, and (2) leaving disputes of fact regarding the scope of his agreement unresolved.

Upon review of the sentencing transcript, we are satisfied that the district court properly apprehended the factual nature of Khandrius's request for a *Fatico* hearing and did not abuse its discretion in denying this request. Through a sentencing memorandum and at the sentencing hearing Khandrius objected to the scope of the conduct attributed to him. This opportunity to challenge the government's evidence was sufficient to satisfy due process. *See id*.

**Shelikhova's Appeal**

As to Shelikhova, we have reviewed her attorney's *Anders* motion and brief, Shelikhova's pro se response, and the government's motion to dismiss her appeal. We agree with Shelikhova's counsel and the government that there are no meritorious issues to be raised on appeal because (1) Shelikhova's guilty plea was valid; (2) her waiver of appellate rights was knowing and voluntary; and (3) her plea agreement clearly specified that she would not appeal a "term of imprisonment of 240 months or below." We are satisfied that counsel here diligently searched the record and properly concluded that an appeal would be frivolous. *See United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993). We therefore grant both motions.

We have considered the remainder of appellants' arguments and find them to be without merit. Accordingly, the judgment of the District Court as to Defendant-Appellant Khandrius is VACATED and the case is REMANDED for resentencing consistent with this order. Attorney Volkell's motion to withdraw from representation of Defendant-Appellant Shelikhova is GRANTED, and the government's motion to dismiss Shelikhova's appeal is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk