14-3812
*United States v. Reed*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB,
                   BARRINGTON D. PARKER,
                   RICHARD C. WESLEY,
                                 *Circuit Judges.*

———————————————

UNITED STATES OF AMERICA,

                          *Appellee,*

             -v.-                                          No. 14-3812-cr

LAMONT REED, aka L-Wop,

                          *Defendant-Appellant.*

———————————————

FOR APPELLANT:        Walter C. Bansley, IV, Bansley Law Offices, LLC, New Haven, CT.

1

FOR APPELLEES:      Anthony E. Kaplan, Sandra S. Glover, Assistant United
States Attorneys, *for* Deirdre M. Daly, United States
Attorney for District of Connecticut, New Haven, CT.

Appeal from the United States District Court for District of Connecticut
(Warren W. Eginton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the defendant's sentence is **AFFIRMED**.

On November 7, 2013, Defendant Lamont Reed pled guilty to one count
of conspiracy to possess with intent to distribute 28 grams or more of cocaine
base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 846.  After a
sentencing hearing, Reed was sentenced to 110 months' imprisonment.  On
appeal, he challenges, both through counsel and proceeding *pro se*, the
procedural reasonableness and substantive reasonableness of his sentence.  In
sentencing, "[w]e review the work of district courts under a deferential abuse-of-
discretion standard."  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en
banc*) (internal quotation marks omitted).  We assume the parties' familiarity with
the facts and the record below, which we reference only as necessary to explain
our decision.

A sentence is procedurally unreasonable if the district court "fails to
calculate (or improperly calculates) the Sentencing Guidelines range, treats the

Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). We review "the district court's interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error." *United States v. Phillips*, 431 F.3d 86, 89 (2d Cir. 2005). The statute further requires that the district court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

Reed first argues, through counsel, that the District Court failed to consider the "nature and circumstances of the offense" properly, as required by § 3553(a), specifically failing to consider Reed's limited role in the enterprise. We disagree. Even if the record were not clear, we would presume "in the absence of record evidence suggesting otherwise . . . that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) (internal quotation marks omitted). Here, there is no need to presume, as Judge Eginton clearly stated his agreement with the Government's contention that Reed's role was not minor, Gov't App. 34,

3

but nonetheless set the sentence at the bottom of the Guidelines range based on defense counsel's arguments.

Reed next argues, also through counsel, that the District Court erred in failing to consider the gross disparities between sentences for offenses involving crack and powder cocaine. It is clear the argument regarding crack-to-powder ratios was made to the District Court and the judge considered it in his sentencing. Although the District Court stated that it agreed "philosophically" with the 1:1 ratio, it determined that it would "stick[] to a uniform approach" in order to avoid disparity in sentencing between defendants in the same case. Gov't App. 32–33. Uniform sentencing of codefendants is a legitimate (but not compulsory) consideration in sentencing, *see United States v. Williams*, 524 F.3d 209, 216 (2d Cir. 2008), and thus the District Court did not abuse its discretion in sentencing Reed under a ratio used for his codefendants as well.

In his supplemental *pro se* brief, Reed mounts three additional challenges to his sentencing. Before proceeding, we pause to note that we construe arguments in *pro se* appellate briefs "liberally and interpret them to raise the strongest arguments they suggest." *Wright v. Commissioner*, 381 F.3d 41, 44 (2d Cir. 2004).

4

Reed argues the District Court improperly applied the sentencing guideline for calculating prior criminal history in two ways. First, he contends that the Guidelines always require that sentences in the same charging instrument or imposed on the same day be counted as a single sentence. Reviewing the Guidelines *de novo*, we find Reed's argument inconsistent with the plain text: sentences are only counted as a single sentence "[i]f there is no intervening arrest," U.S.S.G. § 4A1.2(a)(2), and Reed's two sentences—one for carrying a dangerous weapon and the second for failing to appear on that charge—were separated by such an arrest. Second, Reed contends that the District Court incorrectly counted a partially suspended sentence as over one year and one month in violation of U.S.S.G. § 4A1.2(e). Again, Reed's argument is inconsistent with the plain text: Reed's parole on the suspended sentence was revoked, which under the Guidelines, combines the time he initially served with the time to which he was sentenced upon revocation, U.S.S.G. § 4A1.2(k). Thus, the District Court committed no error in calculating Reed's prior criminal history.

Reed next argues the District Court was obligated to order a competency hearing when, during the sentencing colloquy, Reed admitted to taking other

inmates' medication. A district court is required to order a competency hearing "on its own motion, if there is reasonable cause to believe that the defendant may *presently* be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(a) (emphasis added). There are "no fixed or immutable signs which invariably indicate the need for further inquiry," and a district court's decision that reasonable cause is absent "is reviewed only for abuse of discretion." *United States v. Quintieri*, 306 F.3d 1217, 1233 (2d Cir. 2002) (internal quotation marks omitted). The District Court did not abuse its discretion in failing to hold a competency hearing. Reed's statements that he took medication in jail did not indicate he had taken them at the time of sentencing, and he had in fact testified under oath just previously that he was *not* under the influence of drugs or alcohol. Gov't App. 20–21. The District Court was entitled to rely on this sworn statement, *cf. United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam), especially when Reed's defense counsel did not suggest his client was unable to assist in his own defense, *see United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995), and when Reed himself engaged with the District Court in a clearly competent manner, *cf. United States v. Lora*, 895 F.2d 878, 881 (2d Cir. 1990).

Next, Reed argues that he was sentenced for a quantity of crack cocaine—203 grams—that was unsupported by the facts. However, multiple times in proceedings below, Reed both personally and through counsel agreed not to contest the 203-gram quantity, which waives any such argument on appeal. *See United States v. Jackson*, 346 F.3d 22, 24 (2d Cir. 2003). Nevertheless, mindful of our obligation to construe *pro se* filings liberally and in their strongest light, we interpret Reed's brief to argue that the explicit agreement to the quantity was procured by coercion—specifically, the Government's threat to withdraw the three-level reduction in offense level available for cooperating defendants under U.S.S.G. § 3E1.1.

In such circumstances, "the relevant inquiry is whether the sentencing stipulation was informed and uncoerced on the part of the defendant, not whether it is factually sound." *Libretti v. United States*, 516 U.S. 29, 42 (1995). Reed was clearly fully informed of the consequences of the agreement, so the question is whether the threat of removing the cooperation benefit is sufficiently coercive to override Reed's waiver. We hold it is not. The Supreme Court has approved the use of incentives to encourage cooperation in criminal trials, even if it "clearly may have a discouraging effect on the defendant's assertion of his

trial rights." *Corbitt v. New Jersey*, 439 U.S. 212, 220 (1978) (internal quotation marks omitted). Reed's decision to accept a stipulated gram amount in order to avoid a gram hearing constituted a strategic choice, not a coerced one. Consequently, because Reed voluntarily waived his right to contest the gram amount, his arguments to the contrary cannot be heard on appeal.

Finally, in his counseled brief, Reed challenges the substantive reasonableness of his sentence on two grounds: his limited participation in the offense and the disparity inherent in the Guidelines' crack-to-powder ratio. We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Such is not the case here. The District Court here was well within its discretion to conclude, as it did, that Reed substantially participated in a serious offense and that the bottom of the Guidelines range was sufficient to achieve the goals of § 3553(a). *Cf. United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). Consequently, Reed's sentence is hardly the "rare

case" where the sentence "was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

For the reasons stated above, the defendant's sentence is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk