23-6004-cr
*United States v. McDonald*

<h1 style="text-align:center">UNITED STATES COURT OF APPEALS<br>FOR THE SECOND CIRCUIT</h1>

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-four.

Present:

> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> NATASHA C. MERLE,
> *District Judge*.[1]

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                               23-6004-cr

MICHAEL MCDONALD, a/k/a RABBIT,
a/k/a GEORGE JACKSON,

    *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |
| For Defendant-Appellant: | Nicholas J. Pinto, Esq., New York, NY. |

---

[1] The Honorable Natasha C. Merle, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael McDonald appeals from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*) entered on December 12, 2022, sentencing McDonald to 45 months of imprisonment, to be followed by ten years of supervised release, and restitution in the amount of $628,700. McDonald pled guilty to three counts of interstate travel for the purposes of prostitution, in violation of 18 U.S.C. § 2421(a). McDonald now appeals, challenging both (1) the denial of his motion to withdraw his guilty plea and (2) the denial of his request for an evidentiary hearing at sentencing. We assume the parties' familiarity with the case.

## I.  Motion to Withdraw Guilty Plea

McDonald argues that the district court abused its discretion by refusing to grant his motion to withdraw his guilty plea based on the government's alleged failure to disclose statements by two witnesses that were inconsistent in certain respects with testimony they gave before the grand jury. "A defendant may withdraw a plea of guilty or *nolo contendere* . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Generally, "we review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion and any findings of fact in connection with that decision for clear error." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir.

2

2018).[2] When a defendant's motion to withdraw is based on the government's alleged suppression of material exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the question of when the information in question was disclosed is a purely factual matter, whereas the question of whether any late-disclosed information is material is "a mixed question of law and fact," for which "we conduct our own independent examination of the record." *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995). "While the trial judge's factual conclusions as to the effect of nondisclosure are entitled to great weight, we examine the record *de novo* to determine whether the evidence in question is material as a matter of law." *United States v. Hunter*, 32 F.4th 22, 31 (2d Cir. 2022).

In order to establish that a *Brady* violation has occurred before a guilty plea, a defendant must show, among other things, that the government failed to disclose exculpatory evidence. *United States v. Overton*, 24 F.4th 870, 878 (2d Cir. 2022). As an initial matter, we discern no clear error in the district court's factual finding, based on the government's undisputed representations, that all but one of the documents at issue were provided to defense counsel on various dates before McDonald's plea. The government cannot be said to have suppressed those documents before McDonald pled guilty, and so he has failed to establish a *Brady* violation based on them that could have provided a fair and just reason for him to withdraw his guilty plea. The one item that was not disclosed pre-plea is a medical record showing that one of the victims underwent surgery before she ever interacted with McDonald—which McDonald argues could have been used to undermine her anticipated testimony that she had that surgery to remedy an injury he had caused her. It is undisputed that the government received that medical record by

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

mail on August 17, 2021—the day of McDonald's guilty plea, and that it disclosed the record to the defense on August 26, 2021, after the plea but before sentencing. McDonald has not presented evidence that the government received that document earlier in the day before the plea hearing occurred on August 17, much less that it was or should have been aware of having received it, and that it would have been able to turn it over before the plea.

Even if McDonald had made such a showing, we agree with the district court that the medical record was not exculpatory information that went to the defendant's guilt, but was instead impeachment evidence that could have been used at trial to undermine the victim's anticipated testimony that McDonald caused the injury that prompted her to have surgery. The Supreme Court has held that a defendant has no constitutional right to receive impeachment evidence prior to a guilty plea, *United States v. Ruiz*, 536 U.S. 622, 629 (2002), and so the government's alleged failure to disclose that medical record could not on its own give rise to a *Brady* violation that would have justified plea withdrawal. And even if this single medical record were somehow viewed as exculpatory evidence rather than simply impeachment information, it was not material in the sense of creating a reasonable probability that McDonald would have proceeded to trial had it been disclosed. *Overton*, 24 F.4th at 878–79. It is undisputed that, before the change of plea hearing, the government provided McDonald information that highlighted other inconsistencies in the victim's account, as well as grand jury testimony and witness interview reports that extensively demonstrated McDonald's coercion of the victims to engage in commercial sex activities. As such, the marginal value to the defense of the medical record would have been minimal.

Accordingly, we cannot say that the district court abused its discretion when it denied McDonald's motion to withdraw his plea.

## II.      Request for Evidentiary Hearing

McDonald next argues that the district court abused its discretion and violated his Fifth Amendment right to due process by failing to hold an evidentiary hearing to resolve "factual discrepancies" raised by his objections to the Presentence Report. Appellant's Br. 19–20. We review a district court's decision regarding what types of procedures are needed at sentencing for abuse of discretion. *See United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996). A sentencing court "is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005). "All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *Id*.

Here, the district court afforded McDonald such an adequate opportunity. McDonald submitted to the district court an extensive memorandum, with multiple exhibits, outlining his objections to the Presentence Report. The district court reviewed his filing and determined that an evidentiary hearing was not necessary "[g]iven the multiple submissions from both sides, and the adjournments of the sentencing to accommodate getting [that] information to [the court]." App'x at 111. At sentencing, the district court asked both parties if "anyone wish[ed] to be heard beyond what was submitted in writing." *Id.* at 110. McDonald's counsel declined the opportunity. We conclude that the district court acted well within its discretion in selecting the procedures to follow at sentencing, given the ample opportunity that the court afforded the parties to submit information for consideration. *See United States v. Osuba*, 67 F.4th 56, 67 (2d Cir. 2023) (holding that failure to hold evidentiary hearing when defendant had an opportunity to "vigorously dispute[] the PSR's findings in his sentencing memorandum" was not an abuse of discretion); *Phillips*, 431 F.3d at 93 (holding that defendant's opportunity to oppose enhancement in letter to district court and at

sentencing was "plainly sufficient").  Likewise, the district court did not exceed the bounds of its discretion when it declined to consider McDonald's late submission of an unsworn letter from one of the victims recanting her earlier statements.  McDonald filed the letter over a month after the due date for evidentiary submissions addressing the Presentence Report.  A court may, "in its discretion, deem a party to have forfeited any objection to the PSR by its failure to file a timely objection or to show good cause for a late filing." *United States v. Young*, 140 F.3d 453, 457 (2d Cir. 1998).  McDonald does not dispute that he failed to file the letter in a timely manner, nor does he demonstrate good cause for the delay.

Accordingly, the district court did not abuse its discretion by denying McDonald's request for an evidentiary hearing at sentencing.

*       *       *

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk