United States v. Litwok

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand fifteen.

**PRESENT:**
> **RICHARD C. WESLEY,**
> **DEBRA ANN LIVINGSTON,**
> **DENNY CHIN,**
> *Circuit Judges.*

─────────────────────────────────

**United States of America,**

> *Appellee,*

> **v.**                                                              **13-3045**

**Evelyn Litwok,**

> *Defendant-Appellant.*

─────────────────────────────────

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Evelyn Litwok, pro se, Brooklyn, NY. |
| **FOR APPELLEE:** | Peter A. Norling, Burton Thomas Ryan, Jr., Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York. |

Appeal from a judgment of conviction and sentence by the United States District Court for the Eastern District of New York (Wexler, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Evelyn Litwok, proceeding pro se, appeals the district court's judgment of conviction and sentence following a jury verdict that found her guilty of tax evasion for the year 1995, in violation of 26 U.S.C. § 7201. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Litwok raises the following arguments: (1) her prosecution was barred by the six-year statute of limitations; (2) the evidence was insufficient to prove either "willfulness" or an "affirmative act of concealment"; (3) the Government knowingly presented false testimony about an invented and uncharged crime of embezzlement, which prejudiced the jury; (4) she received ineffective assistance of trial counsel; (5) the Government committed prosecutorial misconduct in opening and closing arguments; (6) the district court abused its discretion by admitting evidence of her failure to file taxes in 1996 and 1997 when those convictions had been reversed by this Court for insufficient evidence; (7) the district court erred in denying a *Fatico* hearing; and (8) the district court erred by ordering restitution to the IRS. Each argument is addressed in turn.

Statute of Limitations

Litwok claims that her prosecution was barred by the six-year statute of limitations. However, "statute of limitations is an affirmative defense, not cognizable on appeal unless

2

properly raised below." *United States v. Walsh*, 700 F.2d 846, 855-56 (2d Cir. 1983) (citation omitted); *see also United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir. 1980). Litwok did not raise a statute of limitations defense in the district court and therefore waives her right to this argument on appeal. *See Walsh*, 700 F.2d at 855-56.

Sufficiency of Evidence for "Willfulness" and "Affirmative Act"

In reviewing a challenge to the sufficiency of evidence, we are required to view all of the evidence in the light most favorable to the government and credit "every inference that could have been drawn in the government's favor." *United States v. Josephberg*, 562 F.3d 478, 487 (2d Cir. 2009). We will affirm a conviction so long as a rational jury might have fairly concluded guilt beyond a reasonable doubt. *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008).

A conviction of tax evasion pursuant to § 7201 requires proof of three elements: "(1) the existence of a substantial tax debt, (2) willfulness of the nonpayment, and (3) an affirmative act by the defendant, performed with intent to evade or defeat the calculation or payment of the tax." *Josephberg*, 562 F.3d at 488. "In order to establish willfulness, the government is required to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *United States v. Klausner*, 80 F.3d 55, 62 (2d Cir. 1996) (internal quotation marks omitted). An affirmative act to evade "may be inferred from conduct such as . . . concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States*, 317 U.S. 492, 499 (1943).

3

Litwok argues that the evidence at trial was insufficient to prove her "willfulness" because her accountant, Testaverde, falsely testified that she illegally withdrew $2.3 million from the partnership fund in violation of a partnership agreement that she never approved. She similarly contends that the evidence was insufficient to prove any "affirmative act" because the Government's alleged affirmative act, that Litwok barred Testaverde from verifying the income of the partnership fund, was based on Testaverde's perjured testimony.

Evidence at trial established that Litwok made all of the financial decisions for her companies and knew about her duty to file her taxes, but repeatedly thwarted the efforts of three separate accounting firms to actually complete the returns. Her sufficiency of the evidence claims are largely grounded in her accusations that Testaverde committed perjury. However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Based on the evidence presented, a jury could have fairly credited Testaverde's testimony and concluded that Litwok willfully committed an affirmative act with the intent to avoid paying her taxes. *See Eppolito*, 543 F.3d at 45.

False Testimony

Litwok claims that the government knowingly presented false testimony from two accountants (Testaverde and Goldstein) and two IRS agents. She claims that these witnesses invented the story that she withdrew more money than was due to her from the partnership fund, essentially accusing her of embezzlement.

A new trial will not be granted on the ground that a witness committed perjury, unless the defendant can show that: (i) "the witness actually committed perjury"; (ii) "the alleged perjury was

4

material"; (iii) "the government knew or should have known of the perjury at the time of trial"; and (iv) "the perjured testimony remained undisclosed during trial." *Josephberg*, 562 F.3d at 494 (alteration omitted) (internal quotation marks omitted). Here, there is no evidence in the record to support Litwok's allegation that the accountants and IRS agents fabricated their testimony.

Ineffective Assistance

Litwok's ineffective assistance claims (failure to raise statute of limitations, failure to investigate perjured testimony and object to prosecutorial misconduct, failure to call a forensic accountant, failure to present exculpatory evidence, and failure to inquire as to whistleblower status of witnesses) call for a review that extends beyond the scope of the record on appeal. Accordingly, these claims would be better suited to a collateral proceeding where the district court may develop a record for ineffective assistance. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (holding that "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" if review requires a more developed record).

Prosecutorial Misconduct

Litwok argues that the prosecution committed misconduct during its opening and closing arguments when it referenced the allegedly perjured testimony of Government witnesses. A prosecutor commits misconduct by making an argument he or she knows to be factually untrue. *United States v. Valentine*, 820 F.2d 565, 570 (2d Cir. 1987). As discussed above, there is no evidence in the record to support the allegation that Government witnesses committed perjury; accordingly, there is also no evidence to support the allegation that the prosecution knowingly referred to factually untrue statements. Therefore, Litwok fails to state a claim for prosecutorial misconduct. *See id.*

5

Admissibility of Evidence of Failure to File Tax Returns

Litwok argues that the district court improperly allowed evidence of her failure to file tax returns in 1996 and 1997, based on our Court's reversal of her tax evasion convictions for those years. We review a district court's evidentiary rulings for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 140 (1997).

A mere failure to file a tax return is insufficient evidence to establish an affirmative act necessary to prove tax evasion. *United States v. Romano*, 938 F.2d 1569, 1573 (2d Cir. 1991). However, "a defendant's past taxpaying record is admissible to prove willfulness circumstantially." *United States v. Bok*, 156 F.3d 157, 165 (2d Cir. 1998). Here, the district court made clear that it would admit the 1996/1997 evidence with a limiting instruction that it was admissible only as to willfulness and state of mind. The district court's ruling was not an abuse of discretion. *See id.*

*Fatico* Hearing

Litwok argues that the district court erred in denying her a *Fatico* hearing to resolve whether her uncharged conduct should be considered at sentencing. "The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005) (internal quotation marks omitted). It is required only to "'afford the defendant some opportunity to rebut the Government's allegations.'" *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) (quoting *United States v. Eisen*, 974 F.2d 246, 269 (2d Cir. 1992)). Here, Litwork objected to any enhancement based on allegations of uncharged conduct. This was sufficient to satisfy due process and a *Fatico* hearing was not required. *See Phillips*, 431 F.3d at

6

93 (holding no *Fatico* hearing required when counsel opposed sentencing enhancement in a letter to the district court and at sentencing hearing).

Restitution

Litwok argues that the district court imposed restitution to the IRS in error because restitution is not statutorily authorized for a violation of § 7201. The district court, as a condition of supervised release, may order "any condition set forth as a discretionary condition of probation in section 3563(b)." 18 U.S.C. § 3583(d). Section 3563(b)(2) authorizes district courts' discretion to impose, among other things, "restitution to a victim of the offense." 18 U.S.C. § 3563(b)(2). Here, the district court ordered restitution as a condition of supervised release and therefore committed no error.

Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7